## CUSHMAN & DENISON MFG. CO. v. L. F. GRAMMES & SONS.

(District Court, E. D. Pennsylvania. June 2, 1916.)

1. COURTS ⬅➡352—ACCOUNTING BEFORE MASTER—PROCEDURE.

Equity rule 63 (198 Fed. xxxvii, 115 C. C. A. xxxvii), dealing with accounting before a master, which requires the party accounting to bring in an account in the form of debtor and creditor, but gives the other party, if dissatisfied, the right to examine the accounting party, deals with results and not with evidence. It gives no sanction for a demand upon the accounting party to set forth in his account evidence or the sources of possible evidence from which a different account might be stated, although the adverse party may go into such inquiry if he chooses, in which case the inquiry is governed by the ordinary rules of evidence.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 926–932; Dec. Dig. ⬅➡352.]

2. TRADE-MARKS AND TRADE-NAMES ⬅➡94—SUIT FOR INFRINGEMENT—ACCOUNTING.

On an accounting by a defendant before a master for infringement of trade-mark or unfair competition, complainant has not the right to inspect

---

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the books of defendant, not in evidence, for the purpose of learning therefrom the names and addresses of defendant's customers to whom sales of infringing articles were made.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 107; Dec. Dig. ☞94.]

In Equity. Suit by the Cushman & Denison Manufacturing Company against L. F. Grammes & Sons. On certificate of master in interlocutory report. Ruling of master affirmed.

See, also, 225 Fed. 883; 234 Fed. 952.

Oswald M. Milligan, of Philadelphia, Pa., and George W. Tucker, Jr., of New York City, for plaintiff.

George K. Helbert and Fenton & Blount, both of Philadelphia, Pa., for defendants.

DICKINSON, District Judge. It is apparent that rather fine lines are being drawn in the conduct of this case. Perhaps this is unavoidable because of the character of the real questions involved. Broadly stated, the controversy grows out of these respective positions assumed by the parties. The plaintiff, with a decree in its favor for an accounting, denies the correctness of the account stated by defendants. Behind the demand made by plaintiff, there is the implied averment that defendants have returned a less volume of sales than actually made. If defendants disclose the names and addresses of the customers to whom sales were made, the discrepancy between sales admitted and sales made would appear and defendants can be charged with what they have actually received. Hence the demand for an inspection of defendants' books. Defendants, on the other hand, flatly charge plaintiff with seeking to get the names and addresses of defendants' customers from no other motive than commercial rivalry. It is apparent that each is asserting a right. The plaintiff has the right to all admissible evidence of sales made by defendants of the articles, the sale of which belonged to plaintiff. Defendants have the right to protect their own business from encroachment and from rival espionage. Which of the parties is lawfully in possession of the part of the field where these rights overlap is obviously to be determined by the trial judge in the exercise of a necessary discretion committed to him. The exercise of this discretion is governed by the finding of a fact which only the trial judge can find. If a question were asked the answer to which would disclose trade information of value only to a competitor, the situation would evoke the proper ruling. If, on the other hand, evidence necessary to a finding of the proper sum to be awarded was sought to be elicited, an incidental and unavoidable disclosure of business dealings, otherwise uncalled for, would not justify its exclusion. The master has shown himself to have a proper appreciation of this line of demarcation, and we do not feel called upon by anything disclosed by this record to interfere with the exercise of his discretion. Indeed all that is necessary to be said has already been said in (D. C.) 225 Fed. 883. With no thought in mind of prejudging the rights of either party, but merely to emphasize the distinction attempted to be before indicated, certain points may be recapitulated.

[1] 1. Rule 63 (198 Fed. xxxvii, 115 C. C. A. xxxvii) relates wholly to an accounting. Its purpose is to facilitate this by requiring the party called upon to account to state one. It deals only with results and not with the evidence from which fact conclusions on which to base a statement of account might be drawn. In form it is required to be a "debtor and creditor" account. If it is satisfactory to the other party, the accounting is done. Such other party, however, is not bound to accept it. If it is not satisfactory, the accounting facts may be developed in the way pointed out by the rule.

2. Rule 63 clearly supplies no sanction for a demand upon the accounting party to set forth in his account evidence or the source of possible evidence from which a different account might be stated.

3. The opposing party may, however, go into such an inquiry if he chooses. If he does, the inquiry is governed by the ordinary rules of evidence which pertain to all judicial inquiries and must follow along these well-known lines. A sufficient guide to what may be done when this field of inquiry is entered upon is supplied by the clear-cut rulings of Judge Thompson in the case of Rollman v. Universal Hardware Works (D. C.) 218 Fed. 651.

4. The distinction between what may be brought into evidence at the trial and what disclosures may be required in advance of trial may also enter into the question. For illustration, a party might have the right to compel the production of books or papers and at the trial put them in evidence when he would not have the right to compel the production of the same books or papers to be submitted to his inspection in advance of trial, although for use at the trial.

[2] The master applied these general principles in his rulings. The defendants submitted an account. With this, the plaintiff was dissatisfied. It called, as under rule 63 it was its right to do, one of the defendants as under cross-examination. The fact was developed that the account had been prepared by an expert accountant and an employé of the defendants who had knowledge of the transactions which entered into the accounting. It also developed that the defendants had books of account in which the transactions were entered. These books, however, were not kept by the witness, but by a Mr. Eyre, who was present at the hearing with the books. The books were then called for and produced. Counsel for plaintiff demanded possession of the books for inspection purposes. The master ruled that the names and addresses of defendants' customers need not be disclosed to plaintiff. To present the precise point involved, we reframe the question certified in this form:

"Has the plaintiff the right to inspect the books of defendants not in evidence for the purpose of learning therefrom the names and addresses of defendants' customers to whom 'Gem' paper clips in black boxes with white labels were sold in unfair competition with plaintiff's 'Gem' paper clips?"

As before observed, lines of extreme fineness are drawn by the manner in which this inquiry is sought to be conducted. The question of what evidence of the volume of sales made by the defendants or to whom made, may be introduced, is not before us. It is the much narrower question of whether plaintiff may compel the defendants to

submit for inspection and examination defendants' books and papers not in evidence in order that plaintiff may be able to glean from them information helpful to plaintiff in the trial of the case, and which may also be very harmful to defendants in their trade relations with their own customers and with the plaintiff as a hostile rival and competitor. If the question be analyzed it will be found not to differ in principle from what it would be if applied to the testimony of a witness. The accounting transactions might be wholly in the keeping of the memory of a witness. The accounting facts could then be made to appear only through oral testimony. This same Mr. Eyre, for instance, might have all the information which these books contain. The information would then have the like value to the plaintiff which it now has. Could the defendants be required to supply this information in advance of its getting in evidence? On further analysis it will be seen that the ruling of the master in no way conflicts with any right of the plaintiff to introduce or compel the production of any relevant evidence. In the supposititious case instanced he could call any witness, either in chief or as under cross-examination, as might be proper, and ask and have a ruling upon any question which he might see fit to ask. This it will be observed is an entirely different thing from what is the touchstone of the present inquiry, his right to information not in evidence merely because it may be helpful to him in the trial of the cause and which may or may not be used by him for evidential purposes and which, at least as a theoretic possibility, may be used for other than evidentiary purposes in harm of his opponent.

The answer to the question certified, as interpreted, is in the negative, and it is held that the ruling of the master was a proper one.