TURNER & DAHNKEN et al. v. CROWLEY.

(Circuit Court of Appeals, Ninth Circuit. August 5, 1918. Rehearing Denied October 14, 1918.)

No. 3138.

1. COPYRIGHTS ⬤═28—DEPOSIT OF COPY—SUFFICIENCY.

Where the composer of an unpublished song desired a copyright authorized by Copyright Act March 4, 1909, § 11, as amended by Act Aug. 24, 1912, *held*, that the depositing of a printed copy was sufficient, although the rules of the Copyright Office specified a typewritten or manuscript copy.

2. COPYRIGHTS ⬤═28—SUFFICIENCY.

Where the composer of an unpublished song took all the essential steps necessary to procure a copyright prior to publication under Copyright Act March 4, 1909, § 11, as amended by Act Aug. 24, 1912, a slight variance in dates as to the time of delivery of copy of the song *held* not to affect the validity of the copyright.

3. COPYRIGHTS ⬤═29—SUFFICIENCY.

Where the composer of a song, in compliance with Copyright Act, deposited two copies of the work when published, and the copyright notice was appended to the published copies of the song, *held*, that the composer acquired a good copyright, notwithstanding the copyright as an unpublished work was insufficient.

4. APPEAL AND ERROR ⬤═1009(3)—REVIEW—FINDINGS.

Where the evidence was conflicting, but the findings of the chancellor were supported by substantial evidence, they will be upheld on appeal.

5. COPYRIGHTS ⬤═87—VIOLATION—PROVISIONS OF STATUTE.

Under Copyright Act March 4, 1909, § 25, as amended by Act Aug. 24, 1912, the court may in its discretion, and subject to the qualification that the damages must be just allow $1 for each infringing copy of a copyrighted song, etc., made or sold by, or found in the possession of, the infringer, his employés, or agents.

6. COPYRIGHTS ⬤═87—INFRINGEMENT—DAMAGES.

Under Copyright Act March 4, 1909, § 25, as amended by Act Aug. 24, 1912, the court has power to award more than $5,000 damages, where there has been an infringement after notice provided the evidence warrants a finding that complainant was damnified in excess of $5,000.

7. COPYRIGHTS ⬤═87—INFRINGEMENT—DAMAGE.

Under Copyright Act March 4, 1909, § 25, as amended by Act Aug. 24, 1912, while the discretion of the court may be used to award damages where no proof of actual damage is offered, yet the award should have relation to such inferences as are reasonably deducible from the whole case of infringement, and damages cannot be awarded on the idea of punishment.

8. COPYRIGHTS ⬤═87—INFRINGEMENT—DAMAGES.

In a suit for infringement of a copyrighted song, an award of $1 per copy for 7,000 copies found in the hands of the infringer *held* improper; it appearing that the composer would not have made a profit of more than 8 cents per copy.

9. COPYRIGHTS ⬤═90—INFRINGEMENT—ATTORNEY'S FEES.

In an infringement suit, where it appeared that defendants had infringed a copyright, an award of attorney's fees in favor of complainant *held* proper.

Appeal from the District Court of the United States for the Second Division of the Northern District of California; Wm. C. Van Fleet, Judge.

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Suit by Alma A. Crowley against Turner & Dahnken, a corporation, and others. From a decree for plaintiff, defendants appeal. Modified and affirmed.

The plaintiff, appellee here, alleged that she is the author and proprietor of the words and music of a song called "My California Rose"; that before publication of the song, in order to secure copyright, on September 21, 1914, she mailed to the Librarian of Congress at Washington a printed copy of the title, words, and music of the song, together with a fee for recording the same, and claimed a copyright; that before beginning this suit she mailed to the Register of Copyright two complete copies of the song of the best edition thereof then published, and further complied with all legal requirements necessary to establish her right to the copyright; that she caused to be printed on each copy of the song, on the first page, the word "Copyright," together with the year the copyright was entered and the words "By A. A. Crowley"; that Turner & Dahnken, a corporation, appellant, was conducting a moving picture theater in San Francisco, and without authority, about May 14, 1916, pirated the copyrighted song, and caused 10,000 copies of the music and words to be printed in certain programs, and distributed the programs to its patrons at the Tivoli Opera House in San Francisco; that distribution commenced May 14, 1916; that plaintiff first knew of the publication and distribution on May 18, 1916, and on May 19th served notice and demand on appellant to refrain from further publication or distribution, but that appellant continued for some days to distribute the program. Plaintiff prayed for injunction, accounting, award of profits, damages, costs, and attorney's fees.

Turner & Dahnken denied authorship and copyright proprietorship, or that the necessary steps for obtaining copyright were taken; denied infringement, copying, or piracy, or that the programs were piracies, and alleged that plaintiff expressly consented to the use and distribution of the song in the manner in which it was in fact used and distributed; denied that the programs contained an exact reproduction, and alleged that the song printed in the programs was unsuitable for use and was an authorized advertisement of the song; alleged that the programs were furnished to appellant by an independent contractor under a general contract for the furnishing of programs, and that plaintiff authorized the use and publication by the contractor and the distribution by Turner & Dahnken; denied that the distribution prevented sales by plaintiff, or that any profits were realized by Turner & Dahnken, or that any damage was done to plaintiff.

In the decree in favor of plaintiff it was found that valid copyright was duly issued to plaintiff on September 26, 1914; that defendant infringed by copying, publishing, and distributing copies of the words and music, as charged; that 7,000 copies of the copyrighted song "were actually found to be in the possession of and under the control of" the appellant; and that certain of the said copies were distributed by Turner & Dahnken after actual written notice of infringement. Plaintiff was awarded as damages $1 for each and every copy of the song found in the possession and under the control of appellant, together with costs, including attorney's fees, and also a perpetual injunction. From this decree appeal was taken.

William M. Abbott and William M. Cannon, both of San Francisco, Cal., for appellants.

E. D. Wilbur and R. G. Hudson, both of San Francisco, Cal., and Albert C. Agnew, of Oakland, Cal.. for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). [1, 2] It is said that the District Court erred in ruling that the copyright described was valid, because the plaintiff failed to sustain the burden resting upon her of establishing compliance with the conditions prece-

dent to the acquisition and existence of a copyright. Section 11 of the Copyright Act of March 4, 1909 (35 Stat. 1078, c. 320) as amended in 1912 (Act Aug. 24, 1912, c. 356, 37 Stat. 488), so far as material, reads as follows:

"Copyright may also be had of the works of an author, of which copies are not reproduced for sale, by the deposit, with claim of copyright, of one complete copy of such work if it be a * * * . musical, or dramatic-musical composition. * * * But the privilege of registration of copyright secured hereunder shall not exempt the copyright proprietor from the deposit of copies, under sections twelve and thirteen of this Act, where the work is later reproduced in copies for sale." U. S. Comp. St. 1916, § 9532.

But, as we read the evidence, it shows that the plaintiff, before publication, sent a copy of the title, words, and music of the song to the Register of Copyright at Washington, D. C., as an unpublished work, and received from that official a certificate of registration. It is said that under the rules of the Copyright Office (rule 20, subdivision 1), in order to secure copyright of an unpublished work, it was necessary for plaintiff to "deposit one typewritten or manuscript copy of the work." Plaintiff, however, having proved that she deposited a printed copy, by every reasonable construction the legal effect must be the same as if there had been a deposit of a written or typewritten manuscript. Plaintiff forwarded two copies of the words and music, and made a second registration after publication, and received certificate of copyright. The certificate issued after publication recited that the copies were received September 5, 1914, and that the date of publication was September 10, 1914, while the first certificate for the unpublished work recites that the copy was received by the Register of Copyright on September 26, 1914. The certificate showing that the date of publication was September 10, 1914, varies from the allegations of the plaintiff's complaint, wherein it is alleged that, in order to secure copyright, on September 21, 1914, she mailed to the Librarian of Congress a printed copy of the title, words, and music of the song, together with the necessary fees. This variance, possibly due to an error on the part of plaintiff, or to a clerical error in the certificate of registration, ought not to deprive the plaintiff of the benefit of her original registration to secure copyright of the unpublished song.

[3] We assume that the rules of copyright require reasonable strictness of interpretation; but, where it is shown by a claimant that the essential steps have been taken to secure copyright of an unpublished work prior to publication, slight variance in dates ought not to destroy the proof of copyright. Macgillivray on Copyright, p. 257. But in the present case, even if the first registration could not be sustained, surely plaintiff, by proof of the second registration, fulfilled the terms of the Copyright Act, inasmuch as the record proves that that copyright notice was appended to the published copies of the song. Bobbs-Merrill v. Straus, 210 U. S. 339, 28 Sup. Ct. 722, 52 L. Ed. 1086.

[4] As to distribution by appellant, the proof was conclusive. It is said, however, that the distribution was authorized by the plaintiff, and that the copies distributed were printed, published, and distributed by authority of the plaintiff, through one Lorden, who, it is argued, acted as plaintiff's agent. Upon this point the evidence is not clear as

it might be; there being some conflict between the testimony of Lorden and the plaintiff. The District Court has resolved this conflict by a finding directly in favor of the plaintiff's position, and, there being substantial evidence to sustain the finding, we accept the fact to be as found by the lower court.

[5-8] We next come to the most important feature of the case, namely, whether, infringement being established, it was error to award the plaintiff $7,000 damages. Section 25 of the Copyright Act of March 4, 1909, as amended August 24, 1912 (U. S. Comp. St. 1916, vol. 9, pp. 10952, 10953), provides that, if any person shall infringe the copyright protected under the copyright laws, such person shall be liable:

(a) To an injunction, and (b) "to pay to the copyright proprietor such damages as the copyright proprietor may have suffered due to the infringement as well as all the profits which the infringer shall have made from such infringement, and in proving profits the plaintiff shall be required to prove sales only and the defendant shall be required to prove every element of cost which he claims, or in lieu of actual damages and profits such damages as to the court shall appear to be just, and in assessing such damages the court may in its discretion allow the amounts as hereinafter stated, * * * such damages shall in no other case exceed the sum of $5,000, nor be less than the sum of $250, and shall not be regarded as a penalty. But the foregoing exceptions shall not deprive the copyright proprietor of any other remedy given him under this law, nor shall the limitation as to the amount of recovery apply to infringements occurring after the actual notice to a defendant, either by service of process in a suit, or other written notice served upon him. * * *

"Second. In the case of any work enumerated in section five of this act, except a painting, statue, or sculpture, one dollar for every infringing copy made or sold by or found in the possession of the infringer or his agents or employés."

The findings and award of the District Court having been made under the in lieu provision of the statute, conceded to be controlling, appellant argues that a copyright proprietor may recover from an infringer such damages as may be just in assessing which the court, in its discretion, may allow $1 for each infringing copy made, sold or found in the possession of the infringer or his agents, but that the damages so awarded shall not exceed $5,000, nor be less than $250, and shall not be regarded as a penalty. Appellant concedes that the limitations as to amounts do not apply to infringements after notice but argues that in such cases only damages, not penalties, may be awarded, the court being obliged even in such instances to make the best approximation it can of the possible damage suffered. In Hendricks Co. v. Thomas Publishing Co., 242 Fed. 37, 154 C. C. A. 629, the Court of Appeals for the Second Circuit, through Judge Hough, commenting upon the language of section 25 of the Copyright Act relating to the assessment of damages and profits, traced it as the growth of years resulting from the efforts of Congress "to avoid that strictness of construction which historically attaches to any statute inflicting penalties and to confer upon an injured copyright owner some pecuniary solace even when the rules of law render it difficult if not impossible, as it often is, to prove damages or discover profits," and held that the statute limits the discretion of the court to a minimum

award of $250, and a maximum of $5,000, in lieu of actual damages and that it was the intent of Congress to preserve the right of the plaintiff to pursue damages and profits by the historic methods of equity if he chooses so to do and to give the new right of application to the court for such damages as shall appear to be just in lieu of actual damages. Gross v. Van Dyk Gravure Co., 230 Fed. 412, 144 C. C. A. 554, was approved by the court. In the last case Judge Learned Hand said that it was the duty of the court under section 25b to estimate the damages by the best inference it can even though the complainant would fail for lack of evidence if the issue were tried before a jury and that it was intended that a plaintiff should not fail for lack of proof.

Weil on Copyright deduces from the later decisions that a copyright proprietor now has three means of monetary compensation afforded him upon infringement of his rights. He may recover profits made by the infringer. He may recover actual damages in addition to such profits or in lieu of profits and actual damages he may, if he so elects, recover arbitrarily as damages, not by way of penalty, and which in the case of musical compositions, as referred to in section 5 of the Copyright Act, are fixed at $1 per copy found in the possession of the infringer, or made or sold by him.

There is also in section 25b, following the exceptions named in the statute, a provision to the effect that the exceptions "shall not deprive the copyright proprietor of any other remedy given him under this law nor shall the limitations as to the amount of recovery apply to infringements occurring after actual notice to a defendant either by service of process in a suit or other written notice served upon it." As it was very clearly proved upon the trial of the present case that notice of infringement was served upon the appellants and that there was a continuance of the infringement after such notice was served, this provision must be considered in reviewing the damages which the lower court allowed.

In our opinion the rule of the better authorities is that the court may, in its discretion and subject to the qualification that the damages must be just, allow $1 for each copy made or sold by or found in the possession of the infringer or his agents or employés; and, penalties in the strict sense being done away with, the court has power to award more than $5,000, where there has been an infringement after notice, provided the evidence warrants a finding that the complainant was damnified in excess of $5,000. Westermann Co. v. Dispatch Printing Co., 233 Fed. 609, 147 C. C. A. 417; 13 Corpus Juris, 1180.

Appellants argue that the evidence showed that Turner & Dahnken merely purchased the couriers from an independent advertising company, and did not copy or publish the songs in the couriers. The testimony, however, shows that the programs were printed for appellants herein, to be given by the appellants to their patrons at their moving picture theaters, and that they were distributed as the gift of Turner & Dahnken. The programs or couriers have upon the opening or cover page the words "Compliments of Tivoli Opera House, My California Rose," the inside principal page containing the music and

252 F.—48

the words of the song as "My California Rose, by August Dalma [the nom de plume of the appellee herein] ; Copyright MCMXIV by A. A. Crowley."

Appellee offered no proof of actual loss or of profits, but we gather from the testimony that at a retail price of 15 cents a copy for the song the profit to the plaintiff would not have exceeded 8 cents per copy. If, therefore, the plaintiff had received 8 cents per copy upon 7,000 copies found in the possession of Turner & Dahnken, her total damage would have been $560, which we think would be a fair estimate. Plaintiff said that she expected and authorized orchestrations of her song to be used, but did not authorize use of it as made by defendant. The allowance of $7,000, or $1 per copy of the song and music, seems to have been based upon the view that $1 per copy is a fixed sum, to be allowed under any circumstances of infringement after notice. But, as we do not so construe the law, the duty of the court was to award damages as justified by the nature and circumstances of the case as developed upon the trial. Thus, while the discretion of the court may be used to award damages where no proof of actual damage is offered, yet the award should have relation to such inferences as are reasonably deducible from the whole case of infringement, and such damages are not to be awarded as based upon the idea of punishment. 13 Corpus Juris, p. 1179.

[9] The allowance of attorney's fees was proper (Haas v. Leo Feist, Inc. [D. C.] 234 Fed. 105), and as the case before the court showed the exact number of copies which were found in the possession of the infringers, and no accounting in other respects was called for, there was no need of reference to a master.

The decree is affirmed in all respects, except as to the award of $7,000 damages. In respect to that item the direction is that the sum awarded shall be $560, and the decree is modified accordingly, and, as so modified, it is affirmed.

⊙≕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes