## RUSSELL & STOLL CO. v. OCEANIC ELECTRICAL SUPPLY CO., Inc.

### No. 208.

Circuit Court of Appeals, Second Circuit.

Jan. 6, 1936.

Weissberger & Leichter, of New York City (John L. Ketcham and M. M. Leich-

ter, both of New York City, of counsel), for appellant.

Daniel Handler, of New York City, for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

The only damages recoverable under the final decree appealed from were such as the interlocutory decree adjudged. That decree first declared that the defendant had infringed the plaintiff's copyright by "printing, publishing, advertising, distributing, making and ·possessing * * * trade catalogue * * * No. 31 * * * and parts and leaves thereof, which said publications, parts and leaves, contained illustrations copied from the plaintiff's said copyrighted catalogues." It will be observed that this language contrasted the word "publications" with "parts and leaves" of the complete catalogue, and used it as a synonym for the catalogue itself. Next, the defendant was ordered to account for "all infringing copies of plaintiff's copyrighted illustrations"; whether or no this directed an accounting of profits, it covered the illustrations as such, regardless of the completed catalogues; the distinction was maintained. Finally, the master was directed to "report the number of infringing copies of publications," and the plaintiff was given judgment "for the sum of $1.00 for each and every copy of any publication infringing as above described, which shall, or may be found to have been made, or distributed by, or found in the possession of, defendant." The term "publication" was here apparently used as it had been theretofore; that is, to signify the complete catalogue as opposed to its "parts and leaves"; so the master understood it, who reported that only completed catalogues should count in fixing damages. We agree with his interpretation of the decree, not only verbally, but because it best accords with the law and with justice.

Section 25 of title 17, U.S.Code (17 U.S.C.A. § 25), does not unconditionally allow those amounts which it prescribes as damages; it gives them only in the discretion of the court. It does fix a minimum of $250, which the plaintiff has here recovered and which equals an award of $1 for all catalogues proved to have been distributed. Those are the only ones which by any possibility could have damaged the plaintiff or which ought to be the basis for an award beyond the minimum, though it is true that the decree went further and included completed catalogues, made or possessed, though not distributed. As the defendant did not appeal, we could not modify the decree pro tanto, even though it were necessary to do so in the interest of justice. Fortunately, it is not necessary, because, as we have said, the "publications," i. e., the completed catalogues, made or possessed, were not proved to have been more than 250, or than those distributed. The plaintiff seems to suppose that, regardless of any loss, it may satisfy its spleen by treating the allowances as penalties; but the section expressly declares that they are not to be regarded as such. They are "in lieu of actual damages and profits," and are limited to "such damages as to the court shall appear to be just," though it is true that the court may use them without proof of the quantum of the loss. The minimum was all that was proper, when we can see, as we can, that the plaintiff has not been damaged.

Decree affirmed, with costs.