## DAVILLA v. BRUNSWICK–BALKE COLLENDER CO. OF NEW YORK et al.

No. 155.

Circuit Court of Appeals, Second Circuit.

Feb. 7, 1938.

568

Julian T. Abeles, of New York City (Charles S. Rosenschein, Julian T. Abeles, and Edwin P. Kilroe, all of New York City, of counsel), for appellant.

Moses H. Hoenig, of New York City, for appellee.

Before MANTON, SWAN, and AUGUSTUS N. Hand, Circuit Judges.

MANTON, Circuit Judge.

Appellee composed, published, and copyrighted, in 1920, a song entitled "You made me like it, Daddy (That's why I love it so)." In 1928, appellant, a large distributor of phonographic records, infringed this copyright by making a phonographic disc on one side of which was a record of appellee's song, although entitled "You made me like it Baby," and on the other side a selection entitled "Gumbo." Appellee discovered its use March 23, 1929, by having heard it broadcast. He then gave notice of the copyright infringement. Letters were exchanged as to it. Appellant's infringement, so far as this record discloses, was made without knowledge of the copyright, and the correspondence indicates a disposition by the appellant to make some adjustment. However, no settlement was reached, and in September, 1934, this suit was commenced.

At the trial, the court found infringement, and the matter of damages was referred to a master, who recommended an award of $5,000. The court below, although proceeding upon a somewhat different theory, confirmed the award of $5,000, and also granted attorney's fees of $2,000 and a master's fee of $400. This appeal involves the award of damages and the fees allowed for the attorney and the special master.

Section 25(b) of the Copyright Law, as amended, 17 U.S.C.A. § 25(b) provides that the infringer shall be liable "to pay to the copyright proprietor such damages as the copyright proprietor may have suffered due to the infringement, as well as all the profits which the infringer shall have made from such infringement, and in proving profits the plaintiff shall be required to prove sales only and the defendant shall be required to prove every element of cost which he claims, or in lieu of actual damages and profits such damages as to the court shall appear to be just."

Whether profits shall be awarded or statutory damages allowed is not a matter of choice with a plaintiff. In Douglas v. Cunningham, 294 U.S. 207, 209, 55 S.Ct. 365, 366, 79 L.Ed. 862, the court said: "The phraseology of the section was adopted to avoid the strictness of construction incident to a law imposing penalties, and to give the owner of a copyright some recompense for injury done him, in a case where the rules of law render difficult or impossible proof of damages or discovery of profits." See Jewell-LaSalle Realty Co. v. Buck, 283 U.S. 202, 51 S.Ct. 407, 75 L.Ed. 978; Hendricks Co. v. Thomas Pub. Co., 2 Cir., 242 F. 37.

The master directed appellant to file a statement under oath, in writing, in debit and credit form, setting forth the facts concerning the sales made and profits earned from the phonograph records containing the melody of appellee's song. Appellant did so, and appellee filed objections thereto. The answer disclosed that there were 5,285 records sold, with both sides used, one of which was not appellee's composition. The total sales price was stated to be $2,140.42, and the cost of production was given as $1,199.16.

■■ Appellee's exceptions set forth that "no royalties were paid on * * * (5,285) records * * * making the cost of each $.2045 instead of $.2267, making an alleged profit of $1,057.53, * * *" for both sides of the record. Appellant offered no testimony before the master in support of the item of royalties, and therefore we must consider the schedule of costs as amended by appellee's objection. Since there was no further exception to the statement of costs, the issue of costs is settled for the purposes of this case by the corrected schedule. Although section 25(b) of the Copyright Law requires defendant to prove every item of cost, this does not apply to items not put in issue. Under Equity Rule 63, 28 U.S.C.A. following section 723, the issues are defined by the answer to the master's summons and the exceptions thereto, which take the place of pleadings. See Carson v. Amer. Smelting & Ref. Co., D.C., 25 F.2d 116; Wayne Mfg. Co. v. Coffield Motor Washer Co., 8 Cir., 255 F. 558; Armstrong v. Belding Bros. & Co., D.C., 280 F. 895, 897; Cushman & Denison Mfg. Co. v. L. F. Grammes & Sons, D.C., 225 F. 883, 887; Id., D.C., 234 F. 949, 951; Beckwith v. Malleable Iron Range Co., D.C., 207 F. 848. On the pleadings before the master, as thus defined, appellant's statement of costs was not put in issue, except for the item of royalties.

Another exception to the appellant's report is the claim that the total sales were 5,399, a difference of 114 records. As to the additional 114 records, it was explained before the master that the greater total failed to take into consideration records which had been returned after sale. This apparently satisfied appellee that only 5,285 records appeared to have been sold as shown by the sales sheets, although there was objection to the failure to produce the books of the corporation.

The master recommended an award of $5,000, part of which was based upon the sales shown by the sales sheets and part of which was statutory damages based upon his belief that probably more than 5,285 records were sold. The master found: "In view of Mr. Dirk's positive testimony that the sales records which have been submitted, were the original sales records of the parent Delaware corporation, I cannot find sales in excess of the number reported by the accounting defendant, for the purpose of assessing profits on records actually sold."

He also stated that: "Even though more than 5285 records may have been manufactured, there is nothing to show that the sales have been reported incorrectly, for the purpose of estimating profits."

There were some labels printed, and as to these, the master said: "There is nothing in the nature of affirmative proof to show that all of the 27,180 labels manufactured by the parent Delaware corporation were applied to infringing phonograph records which were sold."

■ On the issues as framed, we think there was ample evidence to make an award of damages on the basis of actual profits, and therefore the master and the court below were in error in granting statutory damages. The master's report is based on the theory that there was an inadequate explanation of appellant's failure to produce certain books, that there was error in the first statement made to appellee as to the number of sales, and therefore appellant probably sold or disposed of more than 5,285 records. Be that as it may, actual profits were sufficiently established before the master so as to preclude the recovery of statutory damages.

■ With respect to the books for establishing the sales, it appears that there was a sale by the parent corporation of its entire phonographic recording business to Warner Bros. Pictures, Inc., and a subsequent sale of the business by the latter to the American Record Company. The contract with Warner Bros. provided for delivery of the books to it, although there is evidence that Warner Bros. did not have them when called for by appellee. But there was no showing by the appellee, that he made any attempt to find the books in the possession of the last buyer, the American Record Company. However, there were produced instead, by the appellant, sales sheets which

were the original sales records. They appeared to be genuine and to cover all sales for the period from the date of the infringement until appellant went out of the recording business. Since the amount of the sales was sufficiently proved, there was no basis for an award of statutory damages. Such an award should not be based upon the idea of punishment, but depends upon the absence of proof of actual profits and damages. Turner & Dahnken v. Crowley, 9 Cir., 252 F. 749, 754; Westermann Co. v. Dispatch Printing Co., 249 U.S. 100, 39 S.Ct. 194, 63 L.Ed. 499.

The appellant argues that there should be no award for damages because the lyrics of the song are salacious and lewd and therefore the copyright should not be protected. Broder v. Zeno Mauvais Music, Co., C.C., 88 F. 74, 77; Simonton v. Gordon, D.C., 12 F.2d 116, 124; Glyn v. Western Feature Co., 1916, 1 Chan. 261. The pleadings did not present this issue, and the evidence offered to establish obscenity was directed only to the meaning of the words in the mind of the author. It was properly excluded, and the assignment of error relating to obscenity is directed only to that exclusion. Accordingly we shall not consider the point.

The appellant also contends that, since the phonographic disc was a double record, only one side of which infringed, the profits should be divided. Appellant offered no proof, however, as to the cost of making up each composition, nor as to the sales advantages of one composition over the other. It was sufficient for appellee's purpose to establish the number of sales of its particular composition. The Copyright Act required appellant to prove every element of cost. In the absence of such proof, appellant's claim cannot be sustained.

The court granted an allowance of $2,000 as counsel fees. This was excessive. Counsel fees should be commensurate with the services necessarily rendered and the success obtained. Universal Film Mfg. Co. v. Copperman, 2 Cir., 218 F. 577, 582; Haas v. Leo Feist, D.C., 234 F. 105. There was little dispute as to the sales, and only one item of cost was involved in the contest. An award of $1,000 is sufficient.

The decree will be modified so as to award profits of $1,057.53 and $1,000 counsel fee. The master's fee of $400 will stand.

Decree modified.