**WASHINGTONIAN PUB. CO., Inc., v. PEARSON et al.**

No. 8473.

United States Court of Appeals District of Columbia.

Argued Dec. 15, 1943.
Decided Jan. 17, 1944.

Mr. Horace S. Whitman, of Washington, D.C., with whom Mr. Gibbs L. Baker, of Washington, D. C., was on the brief, for appellant.

Mr. Eliot C. Lovett, of Washington, D. C., for appellees.

Before MILLER, EDGERTON, and ARNOLD, Associate Justices.

EDGERTON, Associate Justice.

This suit for copyright infringement has been here before. Appellant was the owner of a magazine called The Washingtonian. Its issue for December 1931 contained among other things an article by Rixey Smith entitled "The Mills of the Gods." This issue carried a notice of copyright. With this issue appellant's magazine ceased publication. Appellees Pearson and Allen afterwards paid Smith the $50 which appellant had agreed but failed to pay him and used the article, with Smith's consent, in their book More Merry-Go-Round. Appellee Liveright, Inc., published the book and appellee Van Rees Press printed it.

The book was published in August 1932. No copies of appellant's magazine containing Smith's article had been "promptly deposited" in the copyright office as the Copyright Act required. Appellant did not

deposit copies of the magazine until February 1933, fourteen months after the magazine was published and six months after the book was published. In 1939 the Supreme Court, reversing this court, held that this 1933 deposit made appellees responsible for their 1932 infringement.[1] The case then went back to the District Court for trial.

The District Court's auditor found that although Pearson and Allen were negligent in failing to consult appellant in regard to their use of the article they did not willfully infringe appellant's copyright, but acted on a mistaken belief that they had a right to use the article because of their arrangement with its author and because of the fact that appellant's magazine had ceased publication. The court confirmed the report of its auditor and found that there was no willful or deliberate infringement. Appellant offered no evidence of any damage, and the court duly found that the infringement caused no damage.

In respect to the profits which appellees derived from the infringement, the court made findings wihch were liberal to appellant. Though the article furnished material for only a few pages of the book, the court found that one-tenth of all profits on the book were fairly attributable to the use of the article. Appellee Liveright, the publisher, made a profit of over $30,000 on the book, but nevertheless went bankrupt without having paid either the printer's bill of $1,800 or Pearson and Allen's royalties of $14,500. The printer suffered a net loss of $1,800. Pearson and Allen collected from Liveright's trustee in bankruptcy $154.60 more than their expenses in connection with the preparation and sale of the book. The court accordingly gave judgment against appellee Liveright for $3,072.25 and against appellees Pearson and Allen for $15.46, one-tenth of the profits which they received. Full costs were awarded against all appellees jointly.

Appellant's principal contentions are (1) that damages as well as profits should have been awarded against appellees, though appellant suffered no damage, and (2) that the authors and the printer were liable for the publisher's profits because they contributed to the infringement from which those profits arose. Both of these questions turn on the following language in the Copyright Act: "If any person shall infringe the copyright in any work protected under the copyright laws of the United States such person shall be liable * * *. To pay to the copyright proprietor *such damages as the copyright proprietor may have suffered due to the infringement, as well as all the profits which the infringer shall have made from such infringement, * * * or in lieu of actual damages and profits* such damages as to the court shall appear to be just, and in assessing such damages the court may, in its discretion, allow the amounts as hereinafter stated, but * * * such damages shall [not] exceed the sum of $5,000 nor be less than the sum of $250, and shall not be regarded as a penalty."[2]

Since the "in lieu" clause is not intended as a penalty, the court was right in awarding no damages. That clause "was adopted * * * to give the owner of a copyright some recompense for injury done him, in a case where the rules of law render difficult or impossible proof of damages or discovery of profits."[3] It is not applicable here, first because there was no "injury done" to appellant[4] and second because "the profits have been proved * * *."[5] Appellant cannot complain of the fact that the apportionment of profits between infringing and non-infringing parts of the book, though liberal to him, is not mathematically exact.[6] The fact that the printer made no profit but took a loss is not, as appellant suggests, a reason for awarding statutory damages against the printer "in lieu of" the profits which he did not make and the damages which appellant did not suffer. Certainty that profits and damages are nil is not equivalent to difficulty in proving them.

---

[1] Washingtonian Publishing Co. v. Pearson et al., 306 U.S. 30, 59 S.Ct. 397, 83 L.Ed. 470 (three Justices dissenting); Pearson et al. v. Washingtonian Pub. Co., Inc., 68 App.D.C. 373, 98 F.2d 245.

[2] 17 U.S.C.A. § 25, 37 Stat. 489. Italics added.

[3] Douglas et al. v. Cunningham et al., 294 U.S. 207, 209, 55 S.Ct. 365, 366, 79 L.Ed. 862.

[4] Woodman v. Lydiard-Peterson Co., C.C. D.Minn., 192 F. 67. Cf. L. A. Westermann Co. v. Dispatch Printing Co., 249 U.S. 100, 108, 39 S.Ct. 194, 63 L.Ed. 499.

[5] Sheldon v. Metro-Goldwyn Pictures Corp., 309 U.S. 390, 399, 60 S.Ct. 681, 684, 84 L.Ed. 825; Davilla v. Brunswick-Balke Collender Co. of New York, 2 Cir., 94 F.2d 567.

[6] Sheldon v. Metro-Goldwyn Pictures Corp., 309 U.S. 390, 403–409, 60 S.Ct. 681, 84 L.Ed. 825.

The Copyright Act makes an infringer liable for the profits which "the infringer" derives from the infringement. It does not make him liable for the profits which other infringers derive from the same infringement. The purpose of permitting recovery of profits is to prevent unjust enrichment.[7] Both the language and the purpose of the Act indicate that the court was right in not requiring authors who made a nominal profit, and a printer who took a loss, to account for the profits which the publisher made.[8] Appellant relies on Belford v. Scribner,[9] which held a printer and a publisher jointly liable, in equity, for their aggregate profits. But the Copyright Act then in effect[10] imposed liability upon infringers for damages only and, there being "no statutory provision for the recovery of profits * * * that recovery had been allowed in equity both in copyright and patent cases as appropriate equitable relief incident to a decree for an injunction."[11] The present Copyright Act, unlike the earlier one, makes "statutory provision for the recovery of profits." That provision is controlling. It was intended "to assimilate the remedy with respect to the recovery of profits to that already recognized in patent cases."[12] The rule in patent cases had long been that an infringer was not liable for profits which others made from the same infringement.[13]

Affirmed.

---

[7] Ibid. at pages 399–401 of 309 U.S., 60 S.Ct. 681, 84 L.Ed. 825.

[8] Sammons et al. v. Colonial Press, Inc., et al., 1 Cir., 126 F.2d 341.

[9] 144 U.S. 488, 12 S.Ct. 734, 36 L.Ed. 514.

[10] Act of July 8, 1870, § 102, 16 Stat. 198, 215, 17 U.S.C.A. § 2 note.

[11] Sheldon v. Metro-Goldwyn Pictures Corp., 309 U.S. 390, 399, 60 S.Ct. 681, 684, 84 L.Ed. 825. In the Belford case, however, both the Supreme Court and the lower court used language to the effect that the infringers' profits were taken as the measure of the copyright proprietor's damages. 144 U.S. 488, 498, 507, 12 S.Ct. 734, 36 L.Ed. 514; Scribner v. Clark, C.C., 50 F. 473, 475, 476.

[12] Sheldon v. Metro-Goldwyn Pictures Corp., 309 U.S. 390, 400, 60 S.Ct. 681, 684, 84 L.Ed. 825.

[13] Elizabeth v. Pavement Co., 97 U.S. 126, 139–140, 24 L.Ed. 1000.