MALSED et al. v. MARSHALL
FIELD & CO.

No. 2608.

United States District Court
W. D. Washington N. D.

March 16, 1951.

Orland M. Christensen Seattle, Wash., for plaintiff.

Dorsey, Lubersky & Haight by G. P. Haight Seattle, Wash., for defendant.

YANKWICH, District Judge.

Action by Helen M. Malsed and her husband, H. Parker Malsed, for infringement of copyright to label, seeking injunction, damages and profits.

As the husband is joined merely because, under the community property law of the

State of Washington, the action affects the marital community, we shall refer to the author and copyright owner, Helen M. Malsed, as "the plaintiff". The defendant, Frederick & Nelson, Inc., has operated, for many years, an outstanding retail merchandise establishment in the City of Seattle, State of Washington, which is now a part of Marshall Field & Company, an Illinois corporation, as a regional branch of which it operates.

# I

*The Undisputed Facts.*

There is no controversy as to the main facts. The plaintiff is the creator and owner of the copyright to a label named "Round the Table" for use on candies in boxes, which she created in 1941, while in the employ of the defendant. A certificate of registration to the label was secured on May 17, 1950. A copy of the label is attached marked Exhibit "A."

On April 28, 1941, by letter, she gave to the defendant a gratuitous license for the use of the label during her employment, or, as the letter put it, "throughout the entire time that (she) might be employed" by them. She left the defendant's employ on January 1, 1945.

Prior to that time, the label had fallen into disuse. In fact, it had not been used since early in 1942, when the scarcity of sugar caused a curtailment of candy lines. The use was revived in 1947, when some five hundred labels were printed, 218 of which were actually used on boxes sold

to customers. The box-maker now has on hand 190 labels and the defendant has 81 empty boxes bearing the labels. The labels used during the plaintiff's employment had a copyright notice reading, "Copyright 1941 by Helen Malsed". The labels printed after the cessation of her employment did not contain this notice. On May 6, 1948, and May 6, 1949, the defendant also caused to be published, in anticipation of the "bridal-sorority" trade at the University of Washington, advertisements in the Washington University Daily, which featured the label without the copyright notice. The explanation, which is uncontradicted, is that, as the notice of copyright is printed from separate type, which is not a permanent part of the plate for the printing, it was inadvertently omitted by the printer who had no copies of the original label at the time of the reprinting and no recollection of the fact that it bore a notice of copyright. The use of the label ceased on July 12, 1950, when a Notice to Desist was received by the defendant. In itself, the fortuitousness of the omission of the label is immaterial. For infringement lies in the act of infringing, and not in the intention with which it is done. Buck v. Jewell-LaSalle Realty Co., 1931, 283 U.S. 191, 198, 51 S.Ct. 410, 75 L. Ed. 971; Johns & Johns Printing Co. v. Paull-Pioneer Music Corporation, 8 Cir., 1939, 102 F.2d 282, 283.

■ At most, intent may bear upon the question of the issuance and scope of injunctive relief.

■ Under the undisputed facts in the case, the plaintiff is entitled to such relief. Granted the high standing in the community of the concern which, for many years has been known as Frederick & Nelson, the fact remains that it has now become a branch of a national organization, Marshall Field & Company, owning stores throughout the country. This very fact requires that the present defendant be subject to injunctive restraint and that the plaintiff be not required to rely upon mere assurance of good intention which, in the case of a local concern, might be acceptable.

## II

### Profits and Damages in Copyright Cases.

The only question about which there is any controversy is that of damages. The plaintiff has offered no proof of any accrued damages under any of the criteria which, in cases of this type, have been recognized as proper. Indeed, her testimony shows conclusively that *she has suffered no damage*. For she has not, since she left the employ of the defendant, exploited the label in any manner whatsoever. Nor has she made any attempt in that direction. She has not used the label herself. Nor has she sought to interest any other merchants in the community or elsewhere in using it. She has not offered expert testimony to show what, absent competition, the use of such label might be worth to a store within a certain area. In truth, the plaintiff quite forthrightly admits that, because of her determination,—*very laudable indeed*—to wait until her only child reaches a certain age, she had given no thought to the matter, except that she *intended* as soon as her family relationship permitted it to engage "in some kind" of exploitation of the label. It may well be that with the knowledge that the license of the defendant expired, with the facilities she had as a former employee to ascertain whether the labels were used in the years which elapsed until she asserted her right in 1950, the plaintiff was guilty of laches which bar recovery of damages. Brooks Brothers v. Brooks Clothing of California, D.C.Cal., 1945, 60 F.Supp. 442, 459.

■ But, waiving aside this question,— the facts in the case show not difficulty in ascertaining damages, but *actual absence* of any damages, not failure to prove damages, but *non-accrual* of damages, because of the failure of the plaintiff to exploit her copyright in a manner that would be harmed by competition and unauthorized use of her label by the defendant.

■ Under Section 101, Title, 17 U.S.C. A., damages and profits "are distinct items of recovery, and are awarded on quite different legal principles." See, Sammons v.

Colonial Press, 1 Cir., 1942, 126 F.2d 341, 344.

The "in lieu" provision is, as the language of the section states specifically, "in lieu of actual damages *and* profits".

It does not apply where *either* actual damages or profits are ascertainable. This has been the ruling of the courts ever since the section was amended to its present form. The following quotations are typical:

"The phraseology of the section was adopted to avoid the strictness of construction incident to a law imposing penalties, and to give the owner of a copyright some recompense for injury done him, *in a case where the rules of law render difficult or impossible proof of damages or discovery of profits.* In this respect the old law was unsatisfactory." Douglas v. Cunningham, 1935, 294 U.S. 207, 209, 55 S.Ct. 365, 366, 79 L.Ed. 862. (Emphasis added.)

"The plaintiff seems to suppose that, regardless of any loss, it may satisfy its spleen by treating the allowances as penalties; but the section expressly declares that they are not to be regarded as such. They are 'in lieu of actual damages and profits,' and are limited to 'such damages as to the court shall appear to be just,' though it is true that the court may use them without proof of the quantum of the loss. The minimum was all that was proper, when we can see, as we can, that the plaintiff has not been damaged." Russell & Stoll Co. v. Oceanic Electrical Supply Co., 2 Cir., 1936, 80 F.2d 864, 865.

From the large number of cases which interpret the section, and which assert and apply the same principle, the following are chosen, among the latest: Johns & Johns Printing Co. v. Paull-Pioneer Music Corp., 8 Cir., 1939, 102 F.2d 282, 284; Sheldon v. Metro-Goldwyn Pictures Corp., 1940, 309 U.S. 390, 399, 60 S.Ct. 681, 84 L.Ed. 825; Burndy Engineering Co., Inc., v. Sheldon Service Corporation, D.C.N.Y. 1941, 39 F. Supp. 274, 275; Washingtonian Publishing Co. v. Pearson, 1944, 78 U.S.App.D.C. 287, 140 F.2d 465; Shapiro, Bernstein & Co. v. Widenski, D.C.R.I., 1944, 54 F.Supp. 780, 782; Widenski v. Shapiro, Bernstein & Co., 1 Cir., 1945, 147 F.2d 909, 911; Bigelow v. R.K.O. Radio Pictures, Inc., 1946, 327 U.S. 251, 255, 66 S.Ct. 574, 90 L.Ed. 652; Universal Pictures Co., Inc. v. Harold Lloyd Corp., 9 Cir., 1947, 162 F.2d 354, 368.

## III

*The "In Lieu" Provision Does Not Apply.*

The plaintiff takes the view that, because the recovery of both profits and damages are allowable, the "in lieu" provision is effective in case one or the other element of recovery is difficult of ascertainment. The weakness of this argument is that it overlooks the very wording of the section which is to the effect that in order that the "in lieu" provision be resorted to, there must be difficulty or impossibility of computing *both* damages and profits. Or, differently put, if profits are ascertainable, the minimum provided in the "in lieu" provision *need not* be resorted to. The Supreme Court in Sheldon v. Metro-Goldwyn Corp., 1940, 309 U.S. 390, 399, 60 S.Ct. 681, 684, 84 L.Ed. 825, has said so specifically: *"We agree with petitioners that the 'in lieu' clause is not applicable here, as the profits have been proved and the only question is as to their apportionment."* (Emphasis added.)

In the present case, the exact number of labels used after the expiration of the license has been stipulated to. So has the price which was added to each candy box when the label was used. And the profit, whether computed on the basis of the actual amount earned per box or,—as computed by the defendant's expert accountant on the basis of cost accounting and of the revenues and profits of the department in which the candy was sold in relation to the profits of the entire store,—has been shown with as much precision as is possible. It amounts, at most, to one hundred dollars. And when we give the plaintiff the benefit of all this profit, we are giving her all that she is entitled to,—all the detriment she has suffered by the infringement. Theoretically, in a proper case, both damages and profits are recoverable. But when the plaintiff has suffered no damages, and the profits are ascertainable, to resort to the "in lieu"

clause and award to the plaintiff a minimum based upon her theory of three publications,—*the printing of the five hundred labels and the two advertisements*—would amount to the imposition of a penalty. And the "in lieu" provision has been declared by the cases *not to be such*, but rather, the equitable substitute for cases which present difficulty or impossibility of proof as to damages and profits. Douglas v. Cunningham, supra, 294 U.S. at page 209–210, 55 S.Ct. 365, 79 L.Ed. 862. Where no such difficulty exists, where, on the contrary, exact proof of profits has been made, and no other damage is shown to have flown from the violation, there is no need for resorting to the "in lieu" provision.

Under the circumstances obtaining in this case, the interests of justice will be satisfied by the recognition of plaintiff's ownership of the copyright, the issuance of injunctive relief to prevent future violations and the award of all the actual profits made by the defendant from the use of the plaintiff's copyrighted material.

Judgment will, therefore, be for the plaintiff granting her an injunction, profits in the sum of $100, and attorney's fees in the sum of $500, more detailed order for which is filed herewith.