DOUGLAS ET AL. *v.* CUNNINGHAM ET AL.

No. 519.   Argued January 18, 1935.—Decided February 4, 1935.

*Mr. Cedric W. Porter,* with whom *Mr. George P. Dike* was on the brief, for petitioners.

*Mr. Edmund A. Whitman* for respondents.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

The petitioners brought a suit in equity against the respondents in the District Court for Massachusetts,

charging infringement of copyright, praying an injunction, an accounting and award of profits, and damages, or " in lieu of actual damages or profits such damages as to this court shall appear to be just and proper within the provisions of the Act of Congress in such cases made and provided." The respondents answered and the cause came on for hearing. Admissions in the pleadings, concessions by the respondents, and evidence taken, disclose the relevant facts.

Douglas wrote an original story which was accepted, copyrighted and published by The American Mercury, Inc. The rights in the story under the copyright were assigned to Douglas. Thereafter Cunningham wrote for the Post Publishing Company, and the latter published in some 384,000 copies of a Sunday edition of the Boston Post, an article which was a clear appropriation of Douglas's story. Testimony was presented with respect to the value of the story, but at the close of the trial the petitioners admitted inability to prove actual damages. The Publishing Company acted innocently in accepting the article from Cunningham, and the latter testified that he had procured the material for it from an acquaintance, believed the facts related to him were actual happenings, and was ignorant of Douglas's production. The trial judge ruled that no actual damage had been shown, but in lieu thereof granted the petitioners $5,000 and a counsel fee. Upon appeal the Circuit Court of Appeals sustained an assignment of error which asserted the judge had abused his discretion in making the award, reversed the decree, and set the damages at $250.

The sole question presented by the petition for certiorari is whether consistently with § 25 (b) of the Act of 1909,[1] an appellate court may review the action of

_____

[1] Act of March 4, 1909, c. 320, § 25, 35 Stat. 1081, as amended by Act of August 24, 1912, c. 356, 37 Stat. 489; U. S. C. Tit. 17, § 25. " If any person shall infringe the copyright in any work protected

a trial judge in assessing an amount in lieu of actual damages, where the amount awarded is within the limits imposed by the section. We granted the writ of certiorari[2] because the decision of the Circuit Court of Appeals was upon an important question of federal law and probably in conflict with our decisions.[3]

The phraseology of the section was adopted to avoid the strictness of construction incident to a law imposing penalties, and to give the owner of a copyright some recompense for injury done him, in a case where the rules of law render difficult or impossible proof of damages or discovery of profits. In this respect the old law was unsatisfactory. In many cases plaintiffs, though proving infringement, were able to recover only nominal damages, in spite of the fact that preparation and trial of the case imposed substantial expense and inconvenience. The ineffectiveness of the remedy encouraged wilful and deliberate infringement.

---

under the copyright laws of the United States such person shall be liable:

"(b) To pay to the copyright proprietor such damages as the copyright proprietor may have suffered due to the infringement, as well as all the profits which the infringer shall have made from such infringement, . . . or in lieu of actual damages and profits such damages as to the court shall appear to be just, and in assessing such damages the court may, in its discretion, allow the amounts as hereinafter stated [here follow limitations with respect to the amount of damages to be awarded for certain infringements not material in the present case] and such damages shall in no other case exceed the sum of $5,000 nor be less than the sum of $250, and shall not be regarded as a penalty. . . ."

There follows a schedule of which item " Second " is: " In the case of any work enumerated in section 5 of this title [§ 5 includes periodicals and newspapers] except a painting, statue or sculpture, $1 for every infringing copy made or sold by or found in the possession of the infringer or his agents or employees."

[2] 293 U. S. 551.

[3] See Rule 38, par. 5 (b) (c).

This court has twice construed § 25 (b) in the light of its history and purpose. *Westermann Co.* v. *Dispatch Printing Co.*, 249 U. S. 100; *Jewell-LaSalle Realty Co.* v. *Buck*, 283 U. S. 202. As shown by those decisions, the purpose of the act is not doubtful. The trial judge may allow such damages as he deems to be just and may, in the case of an infringement such as is here shown, in his discretion, use as the measure of damages one dollar for each copy,—Congress declaring, however, that just damages, even for the circulation of a single copy, cannot be less than $250, and no matter how many copies are made, cannot be more than $5000. In the *Westermann* and *LaSalle* cases it was held that not less than $250 could be awarded for a single publication or performance. It follows that such an award, in the contemplation of the statute, is just. The question now presented is whether it can be unjust, according to the legislative standard, to use the prescribed measure,—$1 per copy,—up to the maximum permitted by the section. As the *Westermann* case shows, the law commits to the trier of facts, within the named limits, discretion to apply the measure furnished by the statute provided he awards no more than $5,000. He need not award $1 for each copy, but, if upon consideration of the circumstances he determines that he should do so, his action can not be said to be unjust. In other words, the employment of the statutory yardstick, within set limits, is committed solely to the court which hears the case, and this fact takes the matter out of the ordinary rule with respect to abuse of discretion. This construction is required by the language and the purpose of the statute. The judgment is reversed and the cause remanded to the District Court for further proceedings in conformity with this opinion.

*Reversed.*