## CORY v. PHYSICAL CULTURE HOTEL, Inc.

No. 244.

Circuit Court of Appeals, Second Circuit.

March 1, 1937.

412

John S. Powers and E. Bernard Gary, both of Buffalo, N. Y., for Archie B. Cory.

Mayer C. Goldman, of New York City (Mayer C. Goldman and John Schulman, both of New York City, of counsel), for Physical Culture Hotel.

Before SWAN, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The issue on the defendant's appeal involves the validity of the copyright of an aerial photograph of the defendant's hotel and the surrounding countryside at Dansville, N. Y., and the amount of damages recoverable provided the copyright is valid. The plaintiff's appeal relates solely to the amount of the attorney's fee allowed by the trial court.

The plaintiff was in 1933 employed by a Mr. Webster, a photographer at Dansville, N. Y., who had been employed from time to time by a Miss Ferrier to take photographs of the defendant's property in that town. Miss Ferrier was one of the defendant's employees at a physical culture hotel it owned and operated there and had selected of the photographs taken by Mr. Webster the ones the defendant desired and had paid for them on behalf of the defendant.

It was made known to Webster that no photograph could be taken that would be entirely satisfactory to the defendant unless it were taken from the air, and he made about fourteen flights in attempting to make one, but when he showed his pictures to Miss Ferrier she was not satisfied because they all showed the effects of vibration and ground speed. While these attempts were being made, sunbaths were placed on the hotel roof, and thereafter no flights to take pictures were made without advance notice to the hotel and the time arranged so as to avoid embarrassment to the guests. Before a suitable picture had been taken, Mr. Webster decided to stop trying and suggested to the plaintiff that he take up the work. The plaintiff made two flights without success and then, on June 22, 1933, took the picture of which the copyright is in issue in this suit.

The trial court found on ample evidence that before the picture was taken the defendant's hotel was called by telephone and permission given to take aerial pictures of the hotel and its surroundings from an airplane between 2 and 4 that afternoon. The plaintiff did so. The next day these pictures were shown to Miss Ferrier, who chose the one she thought most satisfactory but did not buy the picture or acquire on behalf of the defendant any right to use it. Thereafter the negative was marked by the plaintiff and the photograph was duly copyrighted by him in accordance with the provisions of law applicable. Copies of the picture bearing the copyright notice were placed on sale by the plaintiff and some were sold. The manager of the defendant's hotel talked with the plaintiff who at his request quoted a price for the use of the picture by the defendant on mailing pieces for one year at $25 and for a large print at $15 provided that in any use for advertising

the copyright notice should be left on. The manager had the plaintiff make a panel of hotel pictures with the copyrighted photograph in the center to hang in the lobby during a convention, and it then came to the interested notice of the principal owner of the defendant, but there was no acceptance of the plaintiff's offer to sell the defendant any right to use the picture. The publicity manager of the defendant, however, purchased a copy of the copyrighted photograph for 25 cents and had three plates made in which the picture was reproduced without the copyright notice and without the knowledge or consent of the plaintiff and used them to print advertisements which appeared in seven issues of Physical Culture Magazine. The plaintiff brought this suit to recover the statutory damages for such infringement of his copyright.

Of course there is no denial of at least one infringement of the copyright provided it is valid, and in view of the amount of damages awarded it will be unnecessary to decide whether there was more than one infringement. Nor will it be necessary to discuss such law as would control the attempted defense of invalidity for that failed on the facts. The contention of the defendant to the effect that the copyright was invalid because the plaintiff was a trespasser in the air over some part of the defendant's property when the picture was taken may be disposed of with the observation that no unauthorized flight over such property was proved or found. The contention that the flight on which the picture was taken was in violation of the law and regulations relating to airplane flights was not proved and the contrary was found. Nor do we intend to intimate that had these defenses been made good in fact they would have been good in law. Decision as to that is now held in abeyance.

Damages of $5,000 were awarded the plaintiff under 17 U.S.C.A. § 25 (b). As this was within the limit of allowance for one infringement of the copyright, there was no error in the assessment of which the defendant can complain. Douglas v. Cunningham, 294 U.S. 207, 55 S.Ct. 365, 79 L. Ed. 862. The suggestion that the publication of the copyrighted photograph in the above-named magazine should be treated as a newspaper reproduction under the statute for which the allowable statutory damages are less calls for no comment other than that there was no proof on which the court could or should have found that the magazine in which the picture was reproduced was a newspaper.

The plaintiff's appeal from an allowance of $2,500 for an attorney's fee as part of the costs under 17 U.S.C.A. § 40 has likewise failed to show reversible error. Apparently it was taken largely because the court in making the award took occasion to say that "the services are in fact worth a much larger sum." No doubt the attorney did do much work, and no doubt much of that was made necessary only by the kind of defense relied on by the defendant. All things considered, we are satisfied that regardless of the compliment to the plaintiff's attorney implied in the language above quoted, the court fixed the amount as he did in accordance with what he believed reasonable as a fee to be taxed as costs and so exercised his discretion on a proper basis. We have been requested to make an additional allowance for an attorney's fee in this court. We think the attorney's fee allowed below sufficient in amount to include a reasonable fee in this court also and so affirm that without making an additional award.

Decree affirmed.