## DAVILLA v. BRUNSWICK BALKE COLLENDER CO. OF NEW YORK et al.

District Court, S. D. New York.

July 2, 1937.

Moses H. Hoenig, of New York City, for plaintiff.

George W. Case, Jr., of New York City (Julian T. Abeles, of New York City, of counsel), for defendant Brunswick Balke Collender Co.

Meyer H. Lavenstein, of New York City (Arthur E. Garmaize, of New York City, of counsel), for defendant Brunswick Record Corp.

LEIBELL, District Judge.

There are two motions before the court in this matter, (1) for an order confirming the master's report and dismissing the exceptions thereto, and (2) for an order assessing counsel fees for the plaintiff and consolidating said motion with the first.

I. The exceptions to the master's report are dismissed and the report is confirmed with the exception that the award of $5,000 "for profits and damages including the statutory award" is made as a statutory award of damages in lieu of actual damages and profits. The testimony before the referee shows that the defendant Brunswick Balke Collender Company of New York, fraudulently informed the plaintiff by a sworn statement, October 9, 1930, that only 285 infringing phonographic records had been sold, whereas the sales had totaled at least 5,285. An alleged typographical error of 5,000 is pretended to have been inadvertently made in the statement by said defendant's treasurer. Although the alleged error had been incorporated in affidavits filed by defendant with this court and although the true figures were known to said defendant prior to the trial of the infringement suit, no effort was made to correct the error or inform the court thereof. It was not until the accounting proceeding before the special master forced a disclosure of the record of sales that the fraud was uncovered on the record. The testimony on the hearing before the master in respect to the practice followed in pressing phonographic records, the net number (27,180) of labels manufac-

tured for this particular record, the fact that books of account of the said defendant in relation to the manufacture and sale of the phonographic record are missing (the defendant producing only certain sales sheets at the hearing) warrants the conclusion that a number of records, in excess of the 5,285 shown by the sales sheets, were sold by the defendant. The special master found that there was proof of the sale of only 5,285 infringing phonographic records for $2,140.42, but that "under the circumstances the presumption is that the accounting defendant sold more than 5,285 records." The special master concluded that the "plaintiff is entitled to a total award of $5,000.00 for profits and damages including the statutory award." There was no proof of actual damage suffered by the plaintiff. Likewise, there was no proof of actual profits realized by the defendant Brunswick Balke Collender Company of New York, from all its sales of the infringing phonographic record, because practically all of defendant's books of account relating to manufacture and sales were missing. In my opinion "the rules of law render difficult or impossible proof of damages or discovery of profits" in this case and the owner of the copyright is entitled to a statutory award of damages as "some recompense for injury done him." Douglas v. Cunningham, 294 U.S. 207, 55 S.Ct. 365, 366, 79 L.Ed. 862. An award of $5,000 statutory damages is proper in this case and in confirming the master's report I am fixing that sum as plaintiff's statutory damages. Fleischer Studios, Inc., v. Ralph A. Freundlich, Inc. (D.C.) 14 F.Supp. 401.

The special master reports that the sales of the infringing record by Brunswick Record Corporation "were negligible." Only seven infringing phonographic records were sold by it and its infringement was innocent. It made no profit thereon. No part of the statutory award for damages should be assessed against the Brunswick Record Corporation.

■ II. Plaintiff's attorney seeks an allowance of $20,000 counsel fees claiming that his work in the preparation and trial of the case, and in the accounting proceeding and related work, required over 900 hours of his time. I fail to see how any such intense and extended effort was necessary in order to prepare, present, and brief the issues involved in this suit. Defendant's infringement, part of it after notice, and its deliberate fraud in order to mislead plaintiff as to the extent of the infringement and the profits therefrom, required the employment of counsel by plaintiff, the institution of this suit, and added to plaintiff's expense in protecting his copyright. In my opinion an allowance of $2,000 counsel fees to be assessed against the Brunswick Balke Collender Company of New York, plus plaintiff's taxable costs, is adequate.

III. The special master's allowance is fixed at $400, the amount requested by him.

Submit final decree.