## JOHNS & JOHNS PRINTING CO. et al. v. PAULL–PIONEER MUSIC CORPORATION.

No. 11299.

Circuit Court of Appeals, Eighth Circuit.
March 15, 1939.

Howard G. Cook, of St. Louis, Mo. (George E. Mix and Jesse W. Barrett, both of St. Louis, Mo., on the brief), for appellants.

Karl P. Spencer, of St. Louis, Mo., for appellee.

Before STONE, WOODROUGH, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

The Paull-Pioneer Music Corporation brought this suit seeking appropriate relief for the infringement of its copyrights on the musical compositions "Let Me Call You Sweetheart" and "The Sidewalks of New York." The bill of complaint is in two counts. Both counts are similar except for the title and copyright history of the respective song involved. In each it is alleged that the defendants with full knowledge of the facts infringed plaintiff's rights by publishing and selling numerous copies of a pamphlet containing copies of the lyrics of these songs. Plaintiff prayed for an injunction, damages and costs. Upon a trial the court found for the plaintiff. A decree was entered per-

petually enjoining the defendants from printing, vending and distributing the copyrighted articles; judgment was awarded for damages in the sum of $250 on each count of the petition, for $100 attorney's fees and for costs.

The facts are not in dispute. No findings of fact were requested by either party and no exceptions were taken to the findings, conclusions or decree of the court. The court found that the plaintiff is the sole owner of the copyrighted musical compositions described in the petition, and of the exclusive right to print, reprint, publish, copy and vend the same and all component parts thereof. With full knowledge of the rights of the plaintiff the appellants in 1936 and 1937 copied, printed and published and sold the lyrics of the choruses of the compositions, "The Sidewalks of New York" and "Let Me Call You Sweetheart." Such printing, publishing and vending by appellants occurred in the course and conduct of their businesses for profit. The acts of appellants were without the consent of the plaintiff, were wrongful, caused damage to the plaintiff, and such damage can not be accurately computed or ascertained.

The appellants assail the decree on the grounds that (1) the copyright on the song "The Sidewalks of New York" is void; (2) the copying was not of a substantial or material part of the compositions; therefore there was no infringement; and (3) damages in the amount only of $5.10 instead of $250 statutory damages should have been awarded, if technical infringement was established.

■ The contention that the plaintiff's copyright on the song "The Sidewalks of New York" is invalid and void was not raised in the lower court. The plaintiff's ownership of the copyright was admitted by stipulation. It is, therefore, too late to raise that question in this court. Hall v. Aetna Life Ins. Co., 8 Cir., 85 F.2d 447; Wolfberg v. State Mutual Life Assur. Co., 8 Cir., 36 F.2d 171; Brown v. Gurney, 201 U.S. 184, 26 S.Ct. 509, 50 L.Ed. 717.

■ The appellants next insist that the infringement in this case was technical only, wholly unintentional and trivial in nature. They contend that merely copying the choruses did not constitute an infringement of the copyrights because not a copying of substantial and material parts of the songs. This contention is without merit. The chorus of a musical composition may constitute a material and substantial part of the work and it is frequently the very part that makes it popular and valuable. M. Witmark & Sons v. Pastime Amusement Co., D.C., 298 F. 470, 476, affirmed in Pastime Amusement Co. v. M. Witmark & Sons, 4 Cir., 2 F.2d 1020. Nor is an intention to infringe the copyright essential under the Copyright Act. Buck v. Jewell-La Salle Realty Co., 283 U.S. 191, 198, 51 S.Ct. 410, 75 L.Ed. 971. The plaintiff is entitled to recovery although the damages may be trivial. Fred Fisher, Inc., v. Dillingham, D.C., 298 F. 145.

Finally appellants contend that plaintiff's recovery should have been limited to the amount of the actual profit made on the transaction by the defendants. In answer to an interrogatory propounded by plaintiff the defendants stated their total net profit to have been $5.10. It is their claim that the court was limited by the statute to assessing damages in that sum. Section 25 of the Copyright Act, 17 U.S. C.A. § 25, provides:

"If any person shall infringe the copyright in any work protected under the copyright laws of the United States such person shall be liable: * * *

"(b) To pay the copyright proprietor such damages as the copyright proprietor may have suffered due to the infringement, as well as all the profits which the infringer shall have made from such infringement, * * * or in lieu of actual damages and profits such damages as to the court shall appear to be just, and in assessing such damages the court may, in its discretion, allow the amounts as hereinafter stated * * * and such damages shall in no other case exceed the sum of $5,000 nor be less than the sum of $250."

■ No proof of actual damages was offered or received on the trial, and the court made no finding on that subject. Under these circumstances it is well settled that the discretion of the trial court in assessing statutory damages instead of actual damages is not reviewable. Douglas v. Cunningham, 294 U.S. 207, 55 S. Ct. 365, 79 L.Ed. 862. And in the absence of proof of both actual damages and prof-

284

its the trial court is required to award the minimum statutory sum of $250. Westermann Co. v. Dispatch Printing Co., 249 U.S. 100, 39 S.Ct. 194, 63 L.Ed. 499; Jewell-La Salle Realty Co. v. Buck, 283 U.S. 202, 51 S.Ct. 407, 75 L.Ed. 978; Douglas v. Cunningham, supra.

Affirmed.