## ZENN v. NATIONAL GOLF REVIEW, Inc., et al.

District Court, S. D. New York.
April 21, 1939.

Conrad H. Ratner and Morton Frederick, both of New York City, for plaintiff.

Martin Taylor, of New York City, for National Golf Review, Inc.

HULBERT, District Judge.

This action is one for copyright infringement. Issue has been joined as to the National Golf Review, Inc., a New York corporation, and Grantland Rice, but none of the other defendants has been served. The case is now on the non-jury calendar.

Plaintiff brings on a motion for judgment on the pleadings against the corporate defendant only and asks for an order of reference to a Special Master to ascertain and report her damages, and for costs and an allowance of counsel fees, and the entry of a decree therefor, together with a perpetual injunction and an order severing the action as against the individual defendants and authorizing a continuance thereof.

Upon the argument of the motion the facts were substantially admitted.

The plaintiff is the owner of a copyright of a print entitled, "First American Amateur Championship Golf Match" entered as Class K, 13658 by the Acting Registrar of Copyrights on June 15, 1931.

The corporate defendant has infringed the copyright of the plaintiff by reproducing the subject matter thereof on page 29 of the May, 1938, issue of "Golf", a magazine owned by the corporate defendant. 50,000 copies thereof were sold to the public. The defendant printed over the reproduction of the pirated print:

"Days of the red-coats and brass buttons—

"The First Amateur Golf Championship in America"—from an original drawing by Everett Henry in the first edition of 999 prints published and copyrighted by E. Currier in 1911."

The plaintiff is entitled to judgment against the corporate defendant on the pleadings. There is no necessity for a reference to a Special Master to assess damages. Plaintiff concedes she cannot prove actual damage. Within the minimum of $250 and the maximum of $5,000 the plaintiff is entitled to such damages as the court may determine to be just. Douglas v. Cunningham, 294 U.S. 207, 55 S.Ct. 365, 79 L.Ed. 862. The defendant asked that the court fix the damages without a reference and submits by way of mitigation and avoidance of injunctive relief, that plaintiff's print was made by an artist named Everett Henry of New York City in 1930, as one of a series called Modern Reproductions, for which a copyright was obtained by plaintiff's assignor, E. Currier, in 1931; that a photograph was made from said print for, and the American Golfer in its issue of January 1936 printed a reproduction thereof as an illustration for an article, "That First Amateur Championship", and the illustration was entitled "From a drawing by Everett Henry"; that a book entitled "St. Andrew's Golf Club 1888–1938" issued to commemorate the fiftieth anniversary of the St. Andrew's Golf Club reproduced a copy of the print referred to in the complaint with a legend "Final and First Championship at St. Andrews".

The American Golfer was incorporated into Sports Illustrated, and Sports Illustrated was incorporated into the defendant corporation which received as part of the property of the American Golfer, several cabinets containing photographs, including the photograph of the pirated print, and it is claimed by the defendant that the copyright information in script in the lower left hand corner of the photograph was in such small letters and figures that it was difficult to decipher it even under a reading glass, and that this accounts for the incorrect date ascribed to the copyright, to-wit "1911" instead of "1931".

The corporate defendant may have been misled thereby but that did not justify the inclusion of the reproduction of the plaintiff's copyrighted print in the copyright secured by the defendant upon the complete issue of its magazine in which said reproduction appeared.

The defendant promptly offered an apology and proposed to print a retraction. The plaintiff was not bound to accept this but was entitled to stand on her legal rights, and did so.

It is my considered judgment that $1,000 damages, and $400 allowance as a counsel fee, is just, and the plaintiff may have a final decree in that amount, together with the taxable costs and disbursements, and the decree shall provide for a permanent injunction. The plaintiff will also have an order severing the action as to the individual defendants and authorizing her to proceed against them.

Submit findings of fact and conclusions of law, decree and order on two days' notice of settlement.