## ADVERTISERS EXCHANGE, Inc., v. LAUFE.

### No. 3346.

District Court, W. D. Pennsylvania.

June 15, 1939.

Louis Fieldman, of New York City, and Stonecipher & Ralston, of Pittsburgh, Pa., for plaintiff.

Max M. Bergad and Harry E. Cope, both of Greensburg, Pa., for defendant.

GIBSON, District Judge.

The plaintiff had copyrighted two volumes of Drug Store Advertising, each containing a number of pages exhibiting figures designed to attract the attention of readers of newspapers. Matrices of these figures were leased to druggists, one in each town, for use in their advertisements. Each volume bore the copyright mark, and each matrix as well, the print in the matrix, however, being very small.

The defendant, a druggist who was not a subscriber to plaintiff's service, obtained several of the matrices furnished a subscribing druggist in another town than his own, and used them in five advertisements. He had ceased their use prior to specific notice to him of infringement.

The defense is based upon a declaration of defendant that the matrices were used by him without knowledge of the copyrights. As tending to support this claim, attention is called to the exceedingly small print with which notice of the copyright has been given. The print is very small, it is true, but really large enough to have put upon inquiry any careful person who obtained the matrices under the circumstances under which they came into the possession of the defendant. But admitting lack of intention to infringe on the part of the defendant, that lack does not release him from liability. See Douglas v. Cunningham, 294 U.S. 207, 55 S.Ct. 365, 79 L.Ed. 862; Buck v. Jewell-La Salle Realty Co., 283 U.S. 191, 198, 51 S.Ct. 410, 75 L.Ed. 971, 76 A.L.R. 1266.

The volumes from which the defendant's advertisements were taken were each copyrighted as books, and were properly marked. This being so, each cut in the volumes was protected. See Section 3 of Copyright Act, 17 U.S.C.A. § 3. No real question is raised by the size of the print which was used upon the matrices.

Plaintiff did not, and naturally could not, prove any specific damage. The court is therefore confined to the statutory allowance, and will award the plaintiff the minimum statutory amount of $250 for each of the five infringements shown, making a total of $1,250, with a further allowance of $150 as a reasonable counsel fee; and will also enjoin defendant from further infringement, and order him to deliver up all matrices for making copies of any of the advertising matter in plaintiff's volumes.

Let a decree to this effect be presented.