## BURNDY ENGINEERING CO. v. PENN-UNION ELECTRIC CORPORATION et al.

### No. 3331.

District Court, W. D. Pennsylvania.

March 26, 1940.

Julius E. Foster, of Pittsburgh, Pa. (Leo J. Linder, Leo Magill Goodman, and Harry Ernest Rubens, all of New York City, of counsel), for plaintiff.

Enoch C. Filer, of Erie, Pa., for defendants.

SCHOONMAKER, District Judge.

This is a copyright-infringement suit. On November 15, 1938, this court entered an interlocutory decree, finding that the defendants had infringed plaintiff's copyrights for books and catalogues entitled: (1) "Principles of Grounding, Details of Design and Construction of the Ground Bus and Auxiliary Grounding Parts"; (2) "Burndy Multigraph Connectors for the Indoor or Well-Supported Bus Copper and Aluminum Cable Tube Wire Rod Bar, No. 312"; (3) "Burndy Electrical Connectors and Conductors, No. 33."

By the same decree, the court ordered that the plaintiff recover of the defendants the gains, profits, savings and advantages resulting from such infringement, together with such damages as the plaintiff has sustained thereby; and referred the case to Ritchie T. Marsh, Esquire, as Special Master to state and report to this court an account of such gains, profits, savings, and advantages and damages resulting from such infringements.

The Special Master, on November 14, 1939, filed his report, recommending that this court award to the plaintiff $4,000 in lieu of actual damages and profits.

Both plaintiff and defendants filed exceptions to the Master's report. The plaintiff filed sixty exceptions contained in twenty-two typewritten pages, which we consider unreasonable. As we read this voluminous document, we conclude that the plaintiff's exceptions raise but two questions which are necessary for us to pass upon in considering the Master's report, id est: (1) Did the Master correctly rule that this was a proper case for the award of statutory damages; and (2) If so, was the amount awarded a just and proper amount. The defendants merely except to the amount of the award as excessive.

We have reviewed the evidence taken before the Master, and conclude that he has correctly ruled that this is a proper case for the award of statutory damages under the Copyright Act, 17 U.S.C.A. § 25. His reasons for this ruling are so aptly stated in his report as to need no further comment by this court.

As to the damage-award of $4,000 recommended by the Master, both parties have filed exceptions, the plaintiff claiming the award is too small, and the defendant claiming it is too large.

The Supreme Court has three times construed this Copyright Infringement Act, 17 U.S.C.A. § 25, in reference to statutory damage. See Westermann v. Dispatch Printing Co., 249 U.S. 100, 39 S.Ct. 194, 63 L.Ed. 499; Jewell-LaSalle Realty Co. v. Buck, 283 U.S. 202, 51 S.Ct. 407, 75 L.Ed. 978; Douglas v. Cunningham, 294 U.S. 207, 55 S.Ct. 365, 79 L.Ed. 862; Mr. Justice Roberts saying in Douglas v. Cunningham, supra, 294 U.S. at page 210, 55 S.Ct. at page 366, 79 L.Ed. 862: "The trial judge may allow such damages as he deems to be just and may, in the case of an infringement such as is here shown, in his discretion, use as the measure of damages one dollar

for each copy—Congress declaring, however, that just damages, even for the circulation of a single copy, cannot be less than $250, and no matter how many copies are made, cannot be more than $5,000. In the Westermann and LaSalle Cases it was held that not less than $250 could be awarded for a single publication or performance. It follows that such an award, in the contemplation of the statute, is just. The question now presented is whether it can be unjust, according to the legislative standard, to use the prescribed measure—$1 per copy—up to the maximum permitted by the section. As the Westermann Case shows, the law commits to the trier of facts, within the named limits, discretion to apply the measure furnished by the statute provided he awards no more than $5,000. He need not award $1 for each copy, but, if upon consideration of the circumstances he determines that he should do so, his action cannot be said to be unjust. In other words, the employment of the statutory yardstick, within set limits, is committed solely to the court which hears the case, and this fact takes the matter out of the ordinary rule with respect to abuse of discretion."

In our view, the sum of $4,000 recommended by the Master is a fair and just award of damages to cover all the damage plaintiff suffered by reason of the infringement found to exist in the instant case; and we find it to be within the limits of the statute. That it is within the limits of the statute seems plain. Assuming, as contended by plaintiff, that there were fourteen cases of infringement contained in the six separate printings of defendants' trade-catalogues printed respectively in 1933, 1934, 1936, 1937, June 1938, and September 1938, you have a minimum statutory allowance of $250 for each of them, or $3,500 in all. That the award of $4,000 is adequate also seems plain to us. The gross sale-price of items sold by defendant corporation, which covers items mentioned in the infringing pages of defendant's trade-catalogue, is $52,197.43. Taking that into consideration, as well as the general nature of defendant's business, and the fact that no notice was given defendant of the alleged infringement until suit was brought, we find the award of $4,000 to be just and reasonable. We therefore overrule the exceptions by plaintiff to the Special Master's report, and will confirm his report.

Then, too, we are of the opinion that the plaintiff is entitled to a reasonable allowance for attorneys' fees in this case, which we hereby fix at $1,000.

A decree may be submitted accordingly.