BURNDY ENGINEERING CO., Inc., v.
SHELDON SERVICE CORPORA-
TION et al.
No. 171.

District Court, E. D. New York.
June 6, 1941.

Leo J. Linder and Leo Magill Goodman, both of New York City (Leo J. Linder and Harry Ernest Rubens, both of New York City, of counsel), for plaintiff.

Davies, Auerbach, Cornell & Hardy, of New York City (William J. Carr and Archibald A. Patterson, both of New York City, of counsel), for defendants.

MOSCOWITZ, District Judge.

This is a motion to revise the special master's report, the subject in issue being the amount of the award to be made to the plaintiff as the result of the defendants' infringement of plaintiff's copyrighted catalogue, the special master having been asked to state the account of the gains, profits and advantages accruing to the defendants, and the damages resulting to the plaintiff as a result of the infringements. Both parties object to the report, plaintiff because the amount allowed is too little and defendants because it is too much.

The catalogue published by defendants infringed three distinct copyrights. It was, moreover, published in two separate editions, the second of which had three printings. In addition, there was a separate printing of 500 copies of an infringing page.

In his report, the special master makes an extended study of the evidence he has heard on the questions of gains, profits, advantages and damages. At the end of his discussion, however, he concludes that although the defendants unquestionably obtained gains, profits and advantages as a result of the infringements, and the plaintiff suffered damages, he was unable to reach an adequate measure of these profits and damages. In accordance with Section 25 of the Copyright Act, 17 U.S.C.A. § 25, therefore, he allowed statutory damages of $3,500, computing them as follows: First he treated each of the complete printings as a separate infringement, making twelve in all. For each infringement he allowed the minimum statutory damages of $250, or a total of $3,000. In addition he allowed damages of $1 a copy for each of the 500 separate pages printed.

The parties have raised extensive objection to the discussion of the special master on the subject of good will, savings, profits and damages. The inclu-

sion or exclusion of certain evidence is, however, not significant, for, as pointed out above, the special master has found that none of these items were ascertainable from the data which he had before him. The court has reviewed the findings of the special master on these points and is of the opinion that he was justified in reaching this conclusion. As pointed out in Westermann Co. v. Dispatch Printing Co., 249 U. S. 100, 39 S.Ct. 194, 63 L.Ed. 499, the court may in the exercise of its sound discretion allow statutory damages pursuant to Section 25 of the Copyright Act, 17 U.S.C.A. § 25, where actual damages cannot be proved in terms of dollars and cents. These principles were also discussed at length in Sebring Pottery Co. v. Steubenville Pottery Co., D.C., 9 F.Supp. 384. The apparent reason for the statutory provision was to care for the situation where actual proof of profits or damages was difficult. Cf. Douglas v. Cunningham, 294 U.S. 207, 55 S.Ct. 365, 79 L.Ed. 862.

Here there was some proof submitted in each instance. The special master was not, however, satisfied with this proof as affording a reasonable basis for determining profits and damages. From the court's review of the record, the special master did not err on this subject.

The question remains whether the number of infringements were correctly computed. Admittedly the publication infringed three copyrights. Damages are allowable for each copyright. Cravens v. Retail Credit Men's Ass'n, D.C., 26 F.2d 833. In the instant case, there were four separate printings. In Westermann Co. v. Dispatch Printing Co., supra, it was held that a separate printing constituted a distinct printing. The special master was therefore correct in finding twelve infringements. So far as the further printing of the 500 copies of an infringing page is concerned, there is adequate authority for allowing $1 for each copy printed. Douglas v. Cunningham, supra; Campbell v. Wireback, 4 Cir., 269 F. 372.

Objection has been raised by the plaintiff because only $250 was allowed for each infringement. Here again the court cannot find adequate basis for disagreement with the special master. While opinions might differ as to the amount within the statutory bounds, which should be allowed, the special master's conclusions

certainly lie within the bounds of reasonableness. The report is therefore confirmed.

Settle order on notice.