## ADVERTISERS EXCHANGE, Inc., v. BAYLESS DRUG STORE, Inc.

### No. 2424.

District Court, D. New Jersey.
April 27, 1943.

Schoenholz & Schoenholz and William Safirstein, of Newark, N. J., for plaintiff.

Harry A. Ginsburg, of Atlantic City, N. J., for defendant.

AVIS, District Judge.

Plaintiff brings its action for a penalty by reason of the fact that defendant is alleged to have improperly used a certain copyrighted article, or parts of it, belonging to plaintiff.

I find as facts:

1. That plaintiff is the owner of copyrighted "Manual for Successful Drug Store Advertising and Merchandising, Vol. 134", bearing number Class AA No. 363318.

2. That plaintiff is the owner of copyrighted "Manual for Successful Drug Store Advertising and Merchandising, Vol. 138", bearing number Class AA No. 369910.

3. On October 13, 1939, defendant signed a contract with plaintiff to use its advertising material for a period of two years from December 1, 1939, at the price therein fixed for the principal sum of $520, payable in equal monthly payments.

4. Said contract would expire in December, 1941, and all of the consideration therein provided for was paid by defendant.

5. Accompanying the books and forms of advertising, plaintiff was to furnish and deliver to defendant certain matrices to be used in the making of forms for printing.

6. On April 2nd and 3rd, 1942, and on May 28th and 29th, 1942, an advertisement of defendant appeared and was printed in Atlantic City Press-Union, of Atlantic City, New Jersey, in which advertisement of defendant appeared some of the forms furnished by plaintiff.

7. The advertisement on April 2nd and 3rd, 1942, contained many or practically all of one of the advertisements so submitted and handed to defendant under the terms of his contract.

8. The other contained only the words:

"Savings BOOM At Our
HOLIDAY * SALE"

which indicates that it was a copy of one of the advertisements submitted.

9. Defendant produced certain testimony which indicates that the advertisements were used and adopted without its approval at the time of use, but that it paid for the advertisements as used.

10. I am satisfied that the advertisements showing copyright were annexed to matrices furnished by plaintiff to defendant.

11. The whole circumstance satisfies the Court that defendant violated the rights of plaintiff and should pay reasonable damages.

The use of matrices by defendant April 2nd and 3rd, 1942, are the ones upon which defendant should pay. The small part used on May 28th and 29th, 1942, are not in themselves sufficient to justify a verdict.

See Advertisers Exchange, Inc., v. Laufe, D.C., 29 F.Supp. 1, and cases therein cited.

### Conclusions of Law.

The defendant is guilty of the use of copyright articles on two different occasions, and as there does not appear to be any unusual or special damage, the amount of judgment will be fixed at the minimum of $250 for each violation, $500 total, and $150 for counsel fees. 17 U.S.C.A. § 25.

An order to this effect will be made on presentation.