**AERATION PROCESSES, Inc. v. WALTER KIDDE & CO., Inc., et al.**

No. 43, Docket 21400.

United States Court of Appeals Second Circuit.

Argued Nov. 1, 1949.

Decided Nov. 18, 1949.

Floyd H. Crews, New York City (Darby & Darby, and Morris Relson, New York City, Edwin T. Bean, Buffalo, N. Y., J. William Carson, Belleville, N. J., of counsel), for appellants.

Toulmin & Toulmin, Dayton, Ohio, Wickes, Riddell, Bloomer, Jacobi and Mc-Guire, New York City (H. A. Toulmin, Jr., Dayton, Ohio, Clayton E. Crafts, Hugh M. Bennett, Columbus, Ohio, John S. Powers, Buffalo, N. Y., of counsel), for appellee.

Before L. HAND, Chief Judge, and SWAN and FRANK, Circuit Judges.

FRANK, Circuit Judge.

As the trial court found no indication that either Lee or Drescher had incurred attorney's fees, it properly allowed them nothing. Nor can defendant Kidde Manufacturing Company recover any costs alleged to have been incurred in behalf of Lee and Drescher, since any investigation of the prior art which it made for them, it made for itself as well.

The issue is thus narrowed down to whether the trial court should have allowed any fees to the corporate defendants who fought the case. On this point, our previous opinion was perhaps not too clear. We there intended to direct the trial court (1) to deny fees for defending against the claim based on the Getz patent, because that claim was quite pursuasive and was denied only on appeal; but (2) to allow fees for preparing to defend against the claim based on the Smith patent, because that claim was abandoned by plaintiff and defendants had done needless work. The corporate defendants apparently misunderstood us, for they submitted proof of their over-all expenses and made no attempt to apportion them between the two claims. Normally, under these circumstances, we might well affirm a denial of all fees, because the proof was inadequate and the discretion of the trial court broad. Blanc v. Spartan Tool Co., 7 Cir., 168 F.2d 296, 300; cf. Official Aviation Guide Co. v. American Av. Associates, 7 Cir., 162 F.2d 541; Burndy Engineering Co. v. Sheldon Service Corp., 2 Cir., 127 F.2d 661, 663; Cory v. Physical Culture Hotel, 2 Cir., 88 F.2d 411, 413. But here, since the mistake was perhaps caused by us, we believe it appropriate to remand with leave to defendants to prove their reasonable expenses in preparing to defend solely against the claim based on the Smith patent. To the extent that such services were not necessary in preparation for defense against the Getz patent, the district court has discretion to award an attorney's fee reasonable in amount.

Reversed and remanded.