**ADVERTISERS EXCHANGE, Inc. v. HINKLEY.**

No. 14574.

United States Court of Appeals
Eighth Circuit.

Oct. 21, 1952.

Writ of Certiorari Denied Jan. 19, 1953.

See 73 S.Ct. 388.

314

Edward F. Aylward, Kansas City, Mo., (Newbill, Brannock, Buck & Gray, Kansas City, Mo., were with him on the brief), for appellant.

Charles V. Garnett, Kansas City, Mo., (James Patrick Quinn, Kansas City, Mo., was with him on the brief), for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and THOMAS, Circuit Judges.

WOODROUGH, Circuit Judge.

This action was brought in federal court under the Copyright Act by a copyright proprietor against an infringer to recover damages and for injunctive relief. On the trial of the case the proprietor recovered judgment for damages against the defendant on account of the infringement in the sum of $312.00 and costs and also injunctive relief. It appeals from the judgment and contends that it is erroneous in that it awards too small an amount for damages which should have been awarded in the sum of $94,569.00. The appeal is rested on the pleadings and on the findings of fact made by the trial court as shown in the opinion of that court accompanying the judgment, reported as Advertisers Exchange v. Hinkley, D.C., 101 F.Supp. 801.

The record here sufficiently establishes that the defendant in the case did infringe the plaintiff's copyright by causing 29 publications of items of its copyright matter to be made in the local newspaper at Clinton, Missouri, called the "Clinton Eye", and each publication was of 3,261 copies. The plaintiff drew its bill of complaint in 29 counts

identical with each other except as a different issue of the newspaper and advertisement was set up. The contention the appellant made on the trial and urged on the appeal is that it was the duty of the court to award as damages one dollar for each infringing copy of the newspaper or 29 times 3,261 dollars, which makes 94,569 dollars.

The provisions of the Act on which appellant relies are found in 17 U.S.C.A. § 101. That section gives the proprietor of copyright the right to recover from an infringer "such damages as the copyright proprietor may have suffered due to the infringement, as well as all the profits which the infringer shall have made from such infringement". But the copyright proprietor made no proof of actual damages or profits on account of the infringement. Its position was and is that the amount of recovery for infringement to which it became entitled must be determined by subsequent provisions of the section which prescribe a measure of damages for infringement to be awarded "in lieu of actual damages and profits".

The "in lieu" provisions contained in the section include the following, among others:

"§ 101. Infringement

"If any person shall infringe the copyright in any work protected under the copyright laws * * * such person shall be liable:

\* \* \* \* \* \*

"(b) To pay to the copyright proprietor * * * in lieu of actual damages and profits, such damages as to the court shall appear to be just, and in assessing such damages the court may, in its discretion, allow the amounts as hereinafter stated * * *.

"Second. In the case of any work enumerated in section 5 of this title[1] * * * $1 for every infringing copy made * * * by * * * the infringer or his agents * * *."

Provisions prescribing a limitation upon the minimum and maximum amount of damages allowable "in lieu of actual dam-

---

1. The work in which plaintiff was protected under the copyright laws was enumerated in section 5 of the Title.

ages" are also embodied in Section 101(b) which are specifically made applicable to newspaper reproductions of copyright photographs and to certain infringements by means of motion pictures, and then it is provided that "such damages [i. e. "in lieu damages"][2] shall in no other case exceed the sum of $5,000 nor be less than the sum of $250, and shall not be regarded as a penalty."

Then there is a provision that the limitation of the amount of recovery shall not apply to infringements occurring after the "actual notice to a defendant, either by service of process in a suit or other written notice served upon him."

■ Keeping these statutory provisions in mind, we turn first to the dispute between the parties as to whether the case was one in which the court could award actual damages or "such damages as the copyright proprietor may have suffered due to the infringement" within the terms of the statute. It was alleged in the complaint that "the damages which have been and may be suffered by the complainant are not capable of estimation" and no evidence was offered to prove actual damage. When defendant's counsel attempted to show on cross examination of plaintiff's witness that plaintiff had suffered no actual damages objection was sustained and no such evidence was received. There was, therefore, no basis for an award of damages in the amount of "actual damages" and there was no proof of loss of profits so that the "in lieu" provisions of the section alone must be looked to to fix the measure of the recovery of damages to which plaintiff was entitled on account of the infringement.

■ These provisions have been frequently considered and applied by the courts but we will first look independently at the wording in connection with the facts of the case. The section plainly declares that the infringer shall be liable to pay in lieu of actual damages and profits such damages as to the court shall appear just and that the court may in its discretion allow one dollar for every infringing copy made by the infringer's agents. If that were all it would

scarcely be contended that the court would be compelled to award anything like Ninety Thousand Dollars in this case. It appeared to the district court that computing a dollar for each newspaper copy "runs into a ridiculous amount", and so it does. It would not be "just" nor compatible with judicial discretion or good sense.

We turn then to the limitation that "such damages shall in no other case exceed the sum of $5,000 nor be less than the sum of $250."

Appellant contends that the court could not apply that limitation in this case because of the provision of Section 101(b) that the limitation shall not apply to infringements occurring after the "actual notice to a defendant" and the fact as found by the court in this case is that "actual notice" of the copyright was given to Mr. Hinkley in this case before the infringement in the letter to him of March 11, 1948, set forth in footnote 2 of the district court's opinion on page 804 of 101 F.Supp.

We observe that if appellant's contention that the limitation is inapplicable be sustained, the appellant would be left as to its "in lieu" damages entirely to such damages "as to the court shall appear to be just", arrived at in the exercise of judicial "discretion" up to the dollar a copy amount specified under "Second". To sustain the appellant's contention would not help to justify the judgment for $94,569 which it is seeking here.

■ But this court in accord, as we think, with the Supreme Court, has held that the limitation provision of Section 101(b) is applicable in such a case as is presented here. Although Mr. Hinkley had actual notice of the plaintiff's copyright before he infringed, there was no law suit of which he had notice and he was not then "a defendant" within the contemplation of the statute. In Johns & Johns Printing Co. v. Paull-Pioneer Music Corp., 8 Cir., 102 F.2d 282, 283, which was an appeal from a judgment for infringement of two copyrighted songs, this court said:

"No proof of actual damages was offered or received on the trial, and

2. Interpolated.

the court made no finding on that subject. Under these circumstances it is well settled that the discretion of the trial court in assessing statutory damages instead of actual damages is not reviewable. Douglas v. Cunningham, 294 U.S. 207, 55 S.Ct. 365, 79 L.Ed. 862. And in the absence of proof of both actual damages and profits the trial court is required to award the minimum statutory sum of $250. Westermann Co. v. Dispatch Printing Co., 249 U.S. 100, 39 S.Ct. 194, 63 L.Ed. 499; Jewell-LaSalle Realty Co. v. Buck, 283 U.S. 202, 51 S.Ct. 407, 75 L. Ed. 978; Douglas v. Cunningham, supra."

We think the cases cited from the Supreme Court fully support our decision and that it is controlling in this case to the extent that the limitation on the minimum amount of $250 and the maximum of $5,000 for "in lieu" damages contained in Section 101(b) must be applied in this case as in that one.

■ But we were not confronted in that case with an attempt on the part of counsel to magnify and inflate the plaintiff's "in lieu" damages to an unconscionable great sum of money as has been attempted here. There the copyright lyrics of two very famous songs had been infringed, "Let Me Call You Sweetheart" and "The Sidewalks of New York", and "in lieu" damages were awarded in the sum of $250 in respect to the lyrics for each song plus an attorney's fee. The infringer over a period of two years had copied, published and sold a pamphlet containing copies of the lyrics and it would undoubtedly have required no great ingenuity of counsel to have evolved a multiplicity of counts in the complaint as has been done here. But there is no reason to hold that the court need be influenced in its award by such a device of pleading. The statute holds the "in lieu" damages down to "such damages as to the court shall appear to be just" and that command is controlling. The minimum and maximum amounts are prescribed as to a "case" and not as to counts that ingenuity may split a case into. The judgment awarding the plaintiff here an excess over $250, to-wit, $312 "in lieu"

damages was clearly within the trial court's discretion and within the limitation of the statute and was fair and reasonable.

It is argued for the appellee that a reading of the trial court's opinion shows that it found a certain amount of actual damages had been sustained by plaintiff and that it based the amount of its judgment on that finding. But we do not so understand the court's opinion. The court said, "Plaintiff did not prove any specific damages or loss of profits", [101 F.Supp. 805] and we think it rendered its judgment with relation to that finding. We conclude that what was said by the court following that explicit declaration was said in justification of the exercise of discretion in imposing the amount of "in lieu" damages arrived at. The court recognized its duty to impose just damages and not a penalty and in explanation of its exercise of discretion it stated what appeared to be "the only actual damages the plaintiff could possibly have suffered" and that "the amount of damages suffered * * * would be * * * $312." It did not find that actual damages in that or any amount had been established by pleading or proof.

Notwithstanding plaintiff's counsel had split the bill of complaint in the case up into 29 counts, it was apparent that all that was involved in the infringement was use of matter that had been obtained from plaintiff in one transaction for use at $156 a year. The plaintiff's claim could just as well have been pleaded in one count. The court treated it as one case and gave damages which exceeded the statutory minimum of $250 but which stopped short of imposing any confiscatory penalty.

■ An attorney's fee under section 40 of the Act, 17 U.S.C.A. § 116, is prayed for in this appeal and in cases where the copyright proprietor recovers for infringement, as it has done in this case, such allowance is usually appropriate. But we cannot approve of counsel's attempt to inflate and exaggerate the claims in this case and we deny allowance of attorney's fee. The "in lieu" provision of the statute is not to accomplish the imposition of a penalty as has been assayed here, but is an "equit-

able substitute for cases which present difficulty or impossibility of proof as to damages and profits". Malsed v. Marshall Field Co., D.C., 96 F.Supp. 372, loc. cit. 377.

The judgment appealed from is affirmed.