**SHAPIRO, BERNSTEIN & CO., Inc.,**
**Plaintiff,**

v.

**Jerome BLEEKER et al., Defendants.**

**No. 63–244.**

United States District Court
S. D. California,
Central Division.

June 21, 1965.

See also D.C., 224 F.Supp. 595.

O'Melveny & Myers, Los Angeles, Cal., for plaintiff, Shapiro, Bernstein & Co., Inc.

Mahoney, Halbert & Hornbaker, Los Angeles, Cal., for defendants, Jerome Bleeker, and others.

HALL, District Judge.

After trial on the merits to the Court, the case was submitted for decision.

Plaintiff is the owner of 55 copyrighted musical compositions, the "right hand melody" of the title and chorus of each of which, and in some cases the entire lyrics and music, were printed in a book entitled "1,000 Favorite Standard Songs, Vol. 1."

Plaintiff did not authorize the reproduction in the book of any of the songs to which it owned the copyright, and no copyright notice was contained either in the book or any of the pages.

In the trade, the book is commonly called a "fake" book, which means that if a musician does not have the exact musical score before him, he plays the melody by memory and fakes the harmony.

Defendant is primarily engaged in the sale of musical instruments, but about one-half of one per cent of his total sales is from musical compositions.

On June 13, 1962, defendant sold one of said books to an agent of plaintiff for $25.00 plus $1.00 tax. This suit followed on March 1, 1963, seeking so-called "statutory" damages of $250.00 for each of only 12 of the 55 copyrighted numbers contained in the book sold to plaintiff's agent.[1]

The plaintiff, in addition to damages, seeks an injunction. But from the evidence in the case, the Court is not justified in concluding that there is any threat by the defendant to sell or continue to sell any of the copyrighted compositions, without plaintiff's permission, and the request for injunction will be denied, which leaves the matter of damages.

Defendant did not copy the material in the book but he did vend the book, and the exclusive right to vend resides in the plaintiff, the owner of the copyrights.

The plaintiff insists that it is entitled to the statutory damages for the 12 songs contained in the one book that was sold, or a total of $3,000 for the one sale.

The "in lieu" provision for $250.00 damages in the Copyright Act is not to be regarded as a penalty. As so well pointed out by Judge Yankwich of this court in Malsed et al. v. Marshall Field & Co. (W.D.Wash.1951) 96 F. Supp. 372, the "in lieu" sections of the Copyright Act are there to permit a wronged plaintiff to recover where the rules of law render difficult or impossible proof of damages or discovery of profits. If either the profits or damages are ascertainable, the minimum provided for in the "in lieu" provision need not be resorted to. [Sheldon v. Metro-Goldwyn Corp. (1940) 309 U.S. 390, 60 S.Ct. 681, 84 L.Ed. 825]. It has been said to be the equitable substitute for cases which presented impossibility of proof as to damages and profits. [Douglas v. Cunningham (1935) 294 U.S. 207, 55 S.Ct. 365, 79 L.Ed. 862]. Where no such difficulty exists, and where, on the contrary, exact proof of profit has been made and no other damages shown for the viola-

---

1. The evidence shows that the defendant, over a period from August, 1961 to May, 1962, purchased a total of four copies of the book from one Mel Allen of Skoki, Illinois, the last two of which were purchased on May 31, 1962, at the price of $5.90 each. The defendant still has one copy on hand which defendant's counsel has offered to be impounded. No credible evidence was introduced as to what became of the other two books.

tion, there is no need to resort to the "in lieu" provision.

The justice and sensibility of the above rules of law become immediately apparent when it is considered that if the plaintiff were awarded $250.00 each for the plaintiff's 55 copyrighted songs contained in the one book sold to the plaintiff's agent, the plaintiff would get its book back, i. e., its copyrighted compositions, plus $13,750.00. Or to carry the matter further, if all of the 1,000 songs were copyrighted, the owners of the copyrights would be entitled to recover from this defendant who received a total of $25.00, a total sum of $250,000.00 for the one sale.

The actual profits made here are trivial but are not difficult to ascertain. The defendant paid $5.90 for the book and sold it for $25.00. His total profit for the entire book would be $19.10, without deducting overhead. But since the book contained 1,000 songs, each song contributed .191 cents to the overall profit; hence, the defendant made a profit of 21 plus cents from the sale of the 12 infringed songs.

There is no evidence of any damage to the plaintiff. Indeed, it is difficult to see how the plaintiff could be damaged by the sale because plaintiff's own agent bought the book, and thus prevented the circularization of the copyrighted material to the public.

I hold that whatever plaintiff is entitled to recover is de minimis. Knapp-Monarch Co. v. Casco Products Corp. (7 Cir. 1965) 342 F.2d 622.

One other matter remains to be covered.

Defendant offered to stipulate a judgment in the sum of $50.00. Plaintiff is not entitled to that amount, and under Local Rule 15(c), West's Ann.Cal. Code, if a defendant offers a certain sum which is rejected by the plaintiff, and the case thereafter goes to trial with the resulting recovery of only the amount previously offered by the defendant, or less, then the defendant is the prevailing party, and as such, is entitled to costs.

Under 17 U.S.C. § 116, the defendant as the prevailing party is entitled to reasonable attorney fees which are hereby fixed in the sum of $1,500.00.

Counsel for defendant will prepare appropriate Findings of Fact, Conclusions of Law, and Judgment.