MORLEY MUSIC CO., et al.,
Plaintiffs, Appellees,

v.

DICK STACEY'S PLAZA MOTEL, INC.,
et al., Defendants, Appellants.

No. 83–1499.

United States Court of Appeals,
First Circuit.

Argued Nov. 8, 1983.

Decided Dec. 16, 1983.

Sandra Hylander Collier, Bar Harbor, Maine, with whom William S. Silsby, Jr., and Silsby & Silsby, Ellsworth, Maine, were on brief, for defendants, appellants.

John W. Philbrick, Portland, Maine, with whom Verrill & Dana, and Richard H. Reimer were on brief, for plaintiffs, appellees.

Before COFFIN, Circuit Judge, RO-SENN,* Senior Circuit Judge, and BREY-ER, Circuit Judge.

COFFIN, Circuit Judge.

Plaintiffs are four music publishing companies, all members of the American Society of Composers, Authors and Publishers (ASCAP). Alleging copyright infringement by defendants Richard Stacey and Dick Stacey's Plaza Motel, Inc., plaintiffs brought suit in June, 1982, in the United States District Court for the District of Maine, seeking injunctive relief, statutory damages "in lieu" of actual damages, 17 U.S.C. § 504(c)(1),[1] attorney's fees and costs.

The deposition of defendant Stacey was taken on November 5, 1982. At a pretrial conference on January 12, 1983, a motion to compel defendants to produce records hitherto withheld was granted and the report of the pretrial conference indicated that plaintiff would soon file a motion for summary judgment. Such a motion was filed on April 7, 1983, accompanied by two affidavits of persons who had spent the evening of January 24, 1982 at the Plaza Motel and

* Of the Third Circuit, sitting by designation.

1. 17 U.S.C. § 504(c)(1) reads in part:
"(c) Statutory Damages.—
(1) [T]he copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, ... in a sum of not less than $250 or more than $10,000 as the court considers just...."

had heard four pieces of plaintiffs' music played and sung, even though defendants had failed to obtain permission to perform ASCAP copyrighted works from ASCAP or plaintiffs. The motion was also supported by the affidavit of an ASCAP district manager, who noted that from 1978 to 1981 two dozen contacts—in person, by mail or telephone—had taken place between plaintiffs and defendants alerting defendants to plaintiffs' copyright claims. The affidavit also stated that had defendants paid appropriate ASCAP license fees from 1978 to 1983, the payments would have aggregated some $4,500.

On April 29, 1983 the court issued a default judgment because, in violation of local rule 19(b) of the district court, defendants had made no response to the motion for summary judgment within 10 days. The court asked plaintiffs to prepare a form of injunctive order. Not until May 3, almost a month after the motion for summary judgment was filed, did defendants take any action. They prayed for partial relief from the judgment, averring that counsel had been unfamiliar with the local rule and claiming that there was an issue of material fact as to the proper measure of damages and "that the Plaintiffs are not entitled to judgment as to damages as a matter of law." The court, on May 26, rendered a brief "Memorandum Decision and Order" stating that it had considered the entire record and that it felt constrained to award $1,200 for each copyright invaded, in addition to costs and attorney's fees. One day later the court issued its final "Injunctive Order and Judgment", one paragraph being an injunctive decree, one awarding damages, and a third awarding costs and attorney's fees.

Defendants mount a flaccid attack on the local rule. Their attack is negated by their concession that their motion for partial relief "did not seek to disturb the judgment as to liability, but only sought further proceedings on damages which in the interests of justice should be had." Their real complaint is that the court had too little evidence before it on the question of damages to allow it to make an informed award of "in lieu" damages. Defendants view the issue as one of the propriety of summary judgment and argues that disputed facts existed as to defendant Stacey's intent and as to other alleged infringements of copyright. The court erred, defendants say, in impliedly adopting plaintiffs' formula of lost license fees in the five-year total of $4,500.

■ We begin analysis by recognizing that defendants' premise is ill chosen. The resolution of damages in this case is *not* a matter for decision according to summary judgment principles.[2] The basic judgment of liability, no longer contested, was one arising from default. Left open was the issue of statutory "in lieu" damages. This, by definition or necessary implication, is an issue not determined by the preponderance of evidence but is rather resolved by a discretionary judgment to be resorted to in the absence of sufficient proof of profits, losses, etc. *Sid & Marty Krofft Television*

---

**2.** The only summary judgment granted by the district court was the default judgment of April 29, 1983 under Rule 19(b). This could only cover the issue of liability; the complaint specifically prayed for damages "as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Ten Thousand Dollars ($10,000) nor less than Two Hundred and Fifty Dollars ($250) in each cause of action herein." The court obviously acknowledged the limits of the default judgment in confining its directions thereunder to asking plaintiffs to submit a form of injunctive order *and an affidavit as to costs and attorney fees.* In its Memorandum Decision and Order it specifically addressed defendants' argument that the willfulness of defendants' infringements was a material issue of fact, pointing out that "in lieu" damages were sought, not damages for willful infringement. Then the court proceeded to exercise its discretion as to what it considered "just". The subsequent "Injunctive Order and Judgment", although containing a possibly misleading introduction referring to plaintiffs' motion for summary judgment, was clearly an effort to package all decisions in the case: the injunctive decree, which was the result of the default summary judgment; and the awards of damages, costs, and fees, which were all decisions committed to the discretion of the court.

*v. McDonald's Corp.,* 562 F.2d 1157, 1178–79 (9th Cir.1977).

Review of a trial court's decision of this issue is extremely narrow. We have learned this in the most direct way. In *Cunningham v. Douglas,* 72 F.2d 536 (1st Cir.1934), there being no proof of actual damages, the district court assessed "in lieu" damages. His award was the maximum permitted by the statute—$5,000. We vacated the district court's "in lieu" award of $5,000 and restricted the award to the minimum amount of $250. Certiorari was granted and in what became the leading case on the issue of standard of review, *Douglas v. Cunningham,* 294 U.S. 207, 55 S.Ct. 365, 79 L.Ed. 862 (1935), we were told in no uncertain words:

> "[T]he employment of the statutory yardstick, within set limits, is committed solely to the court which hears the case, and this fact takes the matter out of the ordinary rule with respect to the abuse of discretion." *Id.* at 210, 55 S.Ct. at 366.

*See also F.W. Woolworth Co. v. Contemporary Arts, Inc.,* 344 U.S. 228, 233, 73 S.Ct. 222, 225, 97 L.Ed. 276 (1952).

█ It is true, however, that a trial court is not left completely to its own devices in determining damages. Although there need not be the kind of hearing required if factual damages were the issue, *see, e.g., Eisler v. Stritzler,* 535 F.2d 148, 153 (1st Cir.1976), there must, we think, be either some hearing or sufficient affidavits to give the trial judge an adequate reference base for his judgment. *United Artists Corp. v. Freeman,* 605 F.2d 854, 857 (5th Cir.1979).

█ In this case the court had undisputed evidence of violations as to four copyrighted items on January 24, 1982. The court could have drawn the inference from the affiants' observations that the pieces in question were played and sung without the need for manuscript. This, together with defendant Stacey's acknowledgement that the same band had played every Sunday night from 1976 to 1982, and his weak statement that on "several occasions" he had advised the performers to avoid ASCAP items, suggests that unauthorized performances had persisted over a multi-year period. Defendant Stacey's testimony in his deposition can be characterized only as disingenuous in its disavowal of any comprehension of the nature of copyrights, despite the two dozen contacts made by ASCAP and the obviously substantial nature of defendants' patronage and business.

Finally, there was the concession that during the entire five year period the defendants paid their musicians $1,000 a week. The averment of the ASCAP official that five years of license fees would have aggregated some $4,500 does not seem far-fetched under the circumstances. Moreover, the district court was not constrained to award only an amount equal to plaintiffs' lost license fees, so the question of what plaintiffs would have received had defendants bought an ASCAP license is not determinative. Perhaps the critical question is what would be accomplished by a remand for a further evidentiary hearing. Little could be expected in the nature of better data regarding the plaintiffs' loss of revenue. Nothing has been suggested by way of additional data available as to defendants' profits. The court had a full picture of plaintiffs' efforts to caution defendants and defendants' artful responses. Most significantly, defendants have not suggested any kind of evidence that could be adduced to provide a better data base for the district court's judgment.

Defendants are not in a position to require, as a prerequisite to decision, a record devoid of a factual issue. They at most can demand a record broad enough to make possible an informed court decision. Here the record amply supports the court's decision. Not only was it a permissible inference that plaintiffs' copyrights were infringed in four prior years but, even if it were not, the other evidence of size of defendants' operation, resistance to production of documents, intent, dissimulation, or at least diffident efforts to exact respect for others' copyrights justified the court's award. That the total awards to the four plaintiffs approximated the estimated total five year loss of license fees to ASCAP

**4**

cannot, under the standard of *Douglas v. Cunningham,* impeach the damages judgment.

We observe finally, as did the district court, that defendants do not in any way on this record appear to be prejudiced by the fact that liability was here established by default.

*Affirmed.*