**FRUIT OF THE LOOM, INC., Plaintiff,**

v.

**ANDRIS FABRICS, INC., Defendant.**

**Civ. No. 2395.**

United States District Court
S. D. New York.

Sept. 10, 1963.

———◇———

Ellenbogen & Klein, New York City, for plaintiff, Howard L. Klein, New York City, of counsel.

Isidore Mesibov, New York City, for defendant, Rinzler, Schneer & Wiener, New York City, of counsel.

PALMIERI, District Judge.

The motion to confirm the report of the Master is granted in all respects. As part of the costs to be taxed against the defendant the following shall be included: 1) attorney's fees of plaintiff in the sum of $3000.00; 2) costs of minutes of the Master's hearings in the sum of $310.00; 3) and a Master's fee in the sum of $2500.00. The motion of the defendant to reject the report of the Master in its entirety is denied in all respects.

The report and conclusions of the Master are fully substantiated by the record and by pertinent authority. It must be stressed that the defendant inflicted a deliberate injury upon the plaintiff's business. The plaintiff's fabric had already demonstrated its high degree of commercial success when the defendant copied and sold exact reproductions of plaintiff's copyrighted design to a cheaper market, thereby aborting any further exploitation of it by plaintiff in the higher priced, specialized market in which plaintiff customarily did business. The defendant has substantially admitted its conduct from the outset and has offered no persuasive proof either in denial or in mitigation of damages.

The objections raised by the defendant at this time are insubstantial. The detailed report of the Master and the record upon which it is based are a sufficient demonstration that these objections lack validity.

Perhaps one objection deserves a brief discussion. The Master awarded damages in the sum of $7166.25 for the loss of potential market for the infringed fabric. The Master credited the testimony of plaintiff's president, supported by the actual sales history of the fabric prior to the last list price sale in New York, to the effect that the defendant's actions destroyed a substantial and promising market. While it is true that plaintiff's unsold inventory consisted of something less than 10,000 yards of material, it was equally true that reorders were the heart of the business and that the bulk of plaintiff's sales were to New York customers. The plaintiff's president estimated a sales expectancy as of June for 140,000 to 150,000 yards. On this testimony, the Master might well have accepted a higher yardage basis for the loss of potential market than the 75,000 yardage basis he actually used. As to whether defendant's single sale of 12,800 yards of cheaper goods sufficed to turn away potential local customers for a quantity of 75,000 yards of plaintiff's goods, it is significant that the largest department store in New York was the outlet where the infringing fabric was sold. Moreover, the record is silent as to what other outlets if any, there were. It

would properly have been the defendant's burden to prove in mitigation that there were no others, but the defendant offered no proof on this subject. In sum, the plaintiff's damages for loss of potential market come well within the "considerable latitude in speculation" which Judge Learned Hand felt the statute permitted in arriving at a just recovery in this type of litigation. See Gross v. Van Dyk Gravure Co., 230 F. 412, 413 (2 Cir. 1916).

Submit proposed judgment on notice.