PETER PAN FABRICS, INC., and Henry Glass & Co., Plaintiffs-Appellants,

v.

JOBELA FABRICS, INC., Defendant-Appellee.

No. 222, Docket 28481.

United States Court of Appeals Second Circuit.

Argued Jan. 13, 1964.

Decided March 5, 1964.

Helfat & Helfat, New York City (Bernard A. Helfat and J. Nathan Helfat, New York City, of counsel), for plaintiffs-appellants.

Whyman & Neitlich, New York City (Martin N. Whyman, New York City, of counsel), for defendant-appellee.

Before SWAN, MOORE and SMITH, Circuit Judges.

LEONARD P. MOORE, Circuit Judge.

Plaintiffs-appellants [1] and defendant-appellee are "converters" of textiles. Their businesses consist generally of purchasing uncolored cloth or greige goods, arranging to have the greige goods dyed or printed with ornamental designs, and selling the goods as thus processed to ladies garment manufacturers and other users.

Appellants brought this action for injunctive relief and for damages arising out of appellee's infringement of a textile print design for which appellants had obtained a copyright. Appellee consented to summary judgment and a permanent injunction was entered in appellants' favor. The critical problem presented on this appeal is whether the measure of recovery under the Copyright Act, 17 U.S.C. § 101(b), is "cumulative," encompassing both net profits of the infringer and damages of the copyright holder, or "alternative," allowing either profits or damages, whichever is greater. Closely allied is the question of the purpose and design of the "in lieu of" clause in relation to the rest of § 101(b). That section provides that any person who infringes the copyright in any work protected under the copyright law shall be liable:

> "(b) Damages and profits; * * *
> To pay to the copyright proprietor such damages as the copyright proprietor may have suffered due to the infringement, as well as all the profits which the infringer shall have made from such infringement, * * * or in lieu of actual damages and profits, such damages as to the court shall appear to be just * * *."

The District Court, pursuant to Rule 53, Federal Rules of Civil Procedure, referred the determination of appellants' recovery to a Special Master. The Master found that appellee's net profit from the sale of 78,492¼ yards of the infringing fabric was $6,464.09. Further, adopting the "cumulative" theory, the Master calculated that appellants' sales would have increased by the amount of yardage sold by appellee, and that at their profit margin of eleven cents per yard appellants were damaged to the extent of $8,683.65. In so calculating the damage element of the "cumulative" award, the Master reasoned that since appellants had a lawful monopoly, it was reasonably probable that but for the infringing sales an equal number of sales would have accrued to them.[2] However, this conclusion was merely an assumption and was not supported by any proof whatsoever. Cf. Fruit of the Loom, Inc. v. Andris Fabrics, Inc., S.D.N.Y., 227 F. Supp. 977. Indeed, appellants professed their inability to prove sales lost due to the infringement, declining to offer "evidence of supposition, opinions and all that business."

The District Court rejected the Master's recommendation to the extent that the Court disallowed the $8,683.65 award of appellants' damages. The Court thought that the question of whether copyright damages were "alternative" or "cumulative" was entirely academic since in any event appellants had offered no proof to justify the damage element of a "cumulative" award. However, in limiting appellants to appellee's net profits, the Court did not consider the propriety of awarding statutory damages under the "in lieu of" clause.

The language of § 101(b) is reasonably plain. As a practical matter it may be divided into two related parts: the first proviso permits the recovery of proven damages and profits; the second, or "in lieu of" clause, allows "the owner

---

1. Peter Pan Fabrics, Inc., the copyright holder, is the wholly-owned subsidiary of Henry Glass & Co. Their interests in this appeal are identical.

2. The Master cited Livesay Window Co. v. Livesay Indus., Inc., 251 F.2d 469 (5 Cir. 1958) (a patent case); Gross v. Van Dyk Gravure Co., 230 F. 412 (2 Cir. 1916) and the Special Master's report in Peter Pan Fabrics, Inc. v. Dixon Textile Corp., 188 F.Supp. 235 (S.D.N.Y.1960).

of a copyright some recompense for injury done him, in a case where the rules of law render difficult or impossible proof of damages or discovery of profits." Douglas v. Cunningham, 294 U.S. 207, 209, 55 S.Ct. 365, 366, 79 L.Ed. 862 (1935).

■ The statutory language "damages * * * as well as all the profits which the infringer shall have made," would seem to contemplate a "cumulative" recovery. However, confusion has been engendered by the House Report accompanying the bill which indicated that the drafters envisioned recovery in the alternative in a manner similar to that under the Patent Statute.[3] Although this theory has met with judicial approval,[4] the Supreme Court in F. W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228, 73 S.Ct. 222, 97 L.Ed. 276 (1952), holding that the Trial Court had discretion to grant recovery under the "in lieu of" clause where plaintiff had shown the amount of the infringer's profits, stated:

"[A] rule of liability which merely takes away the profits from an infringement would offer little discouragement to infringers. It would fall short of an effective sanction for enforcement of the copyright policy. The statutory rule, formulated after long experience, not merely compels restitution of profit and reparation for injury but also is designed to discourage wrongful conduct." 344 U.S. at 233, 73 S.Ct. at 225, 97 L.Ed. 276.

The "cumulative" recovery and not the "alternative" would therefore seem to be appropriate under § 101(b).[5]

■ Although we are cognizant of the onerous burden of proof placed on the holder of an infringed copyright, particularly where he must show as damages loss of sales and perhaps good will, we agree with the District Court that the assumption by the Special Master of identical sales by plaintiff, unsupported by proof, is not permissible as a basis for an award of damages. It may well be that in some cases the formula adopted by the Special Master will be entirely appropriate. But in this case, as the District Court noted, the evidence indicated that the parties sold fabric of different quality at different prices in what appeared to be a different market. Common sense suggests that a converter who sells his copyrighted fabric for use in the relatively few copies of an expensive dress cannot reasonably expect to sell the same number of yards as the infringer who caters to the bargain basement market. Without some supporting evidence, the

3. H.R.Rep. No. 2222, 60th Cong., 2d Sess. 15 (1909), states in pertinent part:
"The provision that the copyright proprietor may have such damages as well as the profits which the infringer shall have made in substantially the same provision . . . [as that] relating to remedies for the infringement of patents. The courts have usually construed that to mean that the owner may have one or the other, whichever was the greater. As such a provision was found both in the trade-mark and patent laws, the committee felt that it might be properly included in the copyright laws."

4. See Sheldon v. Metro-Goldwyn Pictures Corp., 309 U.S. 390, 400–401, 60 S.Ct. 681, 84 L.Ed. 825 (1940); Universal Pictures Co. v. Harold Lloyd Corp., 162 F. 2d 354, 376 (9 Cir. 1947); Gordon v. Weir, 111 F.Supp. 117 (E.D.Mich.1953), aff'd 216 F.2d 508 (6 Cir. 1954). See generally, Note, Monetary Damages for Copyright Infringement, 67 Harv.L.Rev. 1044, 1051 (1954).

5. Cases and commentaries to the same effect: See Shapiro, Bernstein & Co. v. Goody, 248 F.2d 260, 265 (2 Cir. 1957), cert. denied, 355 U.S. 952, 78 S.Ct. 536, 2 L.Ed.2d 529 (1958); Ziegleheim v. Flohr, 119 F.Supp. 324 (E.D.N.Y.1954); Sebring Pottery Co. v. Steubenville Pottery Co., 9 F.Supp. 384 (N.D.Ohio 1934); Atlantic Monthly Co. v. Post Publishing Co., 27 F.2d 556 (D.Mass.1928); Amdur, Copyright Law and Practice 1117 (1936); Ball, Copyright and Literary Property § 276 (1944); Weil, Copyright Law 467 (1917); Caplan, The Measure of Recovery in Actions for the Infringement of Copyright, 37 Mich.L.Rev. 564 (1939); Price, Monetary Remedies Under the United States Copyright Code, 27 Ford. L.Rev. 555, 564 (1959).

conclusion that a copyright holder is deemed to be deprived of his profit on the total sales made by the infringer falls outside the "considerable latitude in speculation" sometimes necessary in these cases. Gross v. Van Dyk Gravure Co., supra, 230 F. at 413.

■ If the only theory of recovery contemplated by the statute were premised on proof of actual damages and the infringer's profits, we would be compelled to affirm the Trial Court's limitation of its award to appellee's net profits. However, the statute anticipates precisely that situation which plagued appellants here by empowering the Trial Court, in its discretion, "in lieu of actual damages and profits" to award damages as appear just. See F. W. Woolworth Co. v. Contemporary Arts, Inc., supra, 344 U.S. at 234, 73 S.Ct. at 226, 97 L.Ed. 276; Douglas v. Cunningham, supra; Ball, op. cit. supra, § 275. Since the statute is clear that lack of proof of damages and profits does not preclude the recovery of a larger amount where warranted, we hold that it was error for the Trial Court not to consider as within its discretion the propriety of a statutory award, if any, for damages suffered even though incapable of exact proof in addition to the actual profits shown to have been made by the infringer. The F. W. Woolworth case is plain that proof of one element of the award does not, as appellee contends, curtail the exercise of discretion under the "in lieu of" clause.

■ We see no error in the award of counsel fees, a matter largely within the Trial Court's discretion. See Orgel v. Clark Boardman Co., 301 F.2d 119, 112 (2 Cir.), cert. denied, 371 U.S. 817, 83 S.Ct. 31, 9 L.Ed.2d 58 (1962); B & B Auto Supply, Inc. v. Plesser, 205 F.Supp. 36, 41 (S.D.N.Y.1962). And, under these circumstances, it was not error to split the Special Master's fee between plaintiff and defendant.

Reversed and remanded so that upon such remand the District Court may consider an award, if any, of such damages as to the Court shall appear to be just.