**Matilda ALOUF, also known as Matty Joy, doing business under the name and style of House of Joy, Plaintiff-Appellant,**

v.

**EXPANSION PRODUCTS, INC., Defendant-Appellee.**

**No. 72, Docket 33533.**

United States Court of Appeals Second Circuit.

Argued Oct. 3, 1969.

Decided Nov. 5, 1969.

**768**

———◆———

Bernard A. Helfat, (Helfat & Helfat, New York City, J. Nathan Helfat, New York City, of counsel), for plaintiff-appellant.

Ruben Schwartz, New York City (Martin W. Fogel and Richard Kaye, New York City, of counsel), for defendant-appellee.

Before FRIENDLY, SMITH and FEINBERG, Circuit Judges.

PER CURIAM:

Plaintiff, a manufacturer of costume jewelry, brought this action in the District Court for the Southern District of New York for infringement of copyright on ten "works of art," to wit, stained glass or "cookie-cutter" pins described respectively as Apple, Mouse, Butterfly, Yesterday's Fish, Wiggly-Eyed Owl, Boy, Dog, Cat, Lute and Spiderweb. Judge McLean granted summary judgment determining infringement, issuing an injunction and directing trial of the amount of damages and profits payable by defendant.

Judge Murphy, before whom that issue was tried, found that the evidence "was so scanty that we cannot with any degree of permissible speculation make a fair estimate of damages either as to the profits of defendant or the lost profits suffered by plaintiff, assuming there was a nexus." He therefore availed himself of the provision of the Copyright Act, 17 U.S.C. § 101(b), permitting the award "in lieu of actual damages and profits" of "such damages as to the court shall appear to be just." He entered judgment for $5,000, which he then regarded as the maximum permissible in light of his finding that there was no proof how many "Apple" pins were sold after defendant had received a letter from plaintiff's lawyer dated June 3, 1965 complaining in that regard or that any sales were made after the service of process on January 21, 1966. He also allowed $3,500 as counsel fees.

Plaintiff sought reconsideration, questioning the conclusion concerning absence of proof of sales after "actual notice [to a defendant], either by service of process in a suit or other written notice," § 101(b), and pointing out that, since ten copyrights were involved, $50,000 could be allowed. Adhering to his conclusion on the former point and adverting to the fact that "plaintiff's entire submission was put to us on the theory that her pins were sold as a collection or assortment and not on an individual basis," the judge modified the judgment so as to award damages for $500 on each of the ten copyrighted pins, for a total of $5,000.

■ In light of the broad powers necessarily confided to trial judges to determine the adequacy of proof of damages for copyright infringement, we cannot properly upset Judge Murphy's conclusion that plaintiff failed to demonstrate a right to recover more than the amount awarded. She did prove that defendant made profits of $2,502.00 on the identifiable infringements and claimed to have proved loss of profits of $9,813.13 on the same items. However, assuming, as we do, the correctness of this court's ruling in Peter Pan Fabrics, Inc. v. Jobela Fabrics, Inc., 329 F.2d 194 (2 Cir. 1964), that § 101(b) means what it says in allowing recovery both of the owner's damages and of the infringer's profits, despite a contrary statement in the legislative history, see 329 F.2d at 196 & footnotes 3 and 4, plaintiff still did not have enough to carry the day. She conceded that she lost sales only on the West Coast and defendant adduced testimony that only a third of its purchases of infringing items were sold there. Moreover, in light of plaintiff's high price policy, it was not clear that she would have made all the sales that defendant did. Plaintiff's main contentions were that she was entitled to profits and damages not simply on the infringing items

but on the "assortments" of which they formed a part, and that a drastic drop in her West Coast business was due to the infringements. While the claims were arguable, the judge was warranted in concluding that they were not established with the necessary specificity.

We have had somewhat more difficulty with respect to the rather limited award of *in lieu* damages. The record does reveal a purchase by defendant of three dozen "Apple" pins in October 1965, and the shipment to it of substantial quantities of infringing pins shortly before and even after the service of process. Since no pins were found to remain in defendant's possession, the judge very likely should thus have found the existence of infringements to which the statutory limitation of recovery would not apply, and we might feel compelled to remand for further consideration of the award in that light if only his first decision were before us. But his decision on rehearing makes plain that, realizing he could go as high as $50,000 even in the absence of infringements after "actual notice," § 101(b), he did not consider more than $5,000 "to be just." Moreover, the judge stated during trial that he would assume the infringements were willful. Taking these facts as given, appellee relies on a statement by the Supreme Court with respect to "in lieu" damages that "the court's conception of what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like, is made the measure of the damages to be paid, but with the express qualification that in every case the assessment must be within the prescribed limitations, that is to say, neither more than the maximum nor less than the minimum. Within these limitations the court's discretion and sense of justice are controlling, * * *." L. A. Westermann Co. v. Dispatch Printing Co., 249 U.S. 100, 106, 39 S.Ct. 194, 196, 63 L.Ed. 499 (1919). See also F. W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228, 73 S.Ct. 222, 97 L.Ed. 276 (1952).

Although we might well have awarded a larger sum had we been the triers of the fact, we find no abuse of discretion here. Similar considerations apply to the award of counsel fees.

Affirmed.